[S. F. No. 13065. In Bank.—January 22, 1930.]

CHARLES H. LAYNE, Appellant, v. EDMUND KIRBY, Respondent.

John Ralph Wilson and Everette C. McKeage for Appellant.

George R. Anderson for Respondent.

W. A. Alderson and John C. Packard, *Amici Curiae.*

SHENK, J.—Appeal from a judgment entered on an order sustaining a demurrer to a complaint for libel. The plaintiff declined to amend and the sole question is whether the complaint states a cause of action.

The complaint charges that on January 30, 1928, the defendant wrote and published of and concerning the plaintiff a certain letter, set out in full in the complaint, addressed to the Secretary of War at Washington, D. C. At that time the plaintiff was chief clerk in the office of the United States district engineer, first district, San Francisco, in which the defendant was and had been since about 1916 a subordinate clerk. Both the plaintiff and the defendant received their appointments from the Secretary of War. The letter shows that on December 21, 1927, the defendant was notified by the district engineer that on account of a reduction in the force he would be furloughed without pay effective January 31, 1928. From the correspondence which ensued between the defendant and his superior officers at San Francisco and at Washington, D. C., and which is included as a part of the publication, it is apparent that there had been friction between the plaintiff and the defendant in the district engineer's office since about 1921 and that the defendant believed that the plaintiff had been instrumental in effecting the defendant's furlough without pay in preference to more recently employed clerks. The letter to the Secretary of War in brief charged, among other matters, that "the chief clerk has outside business interests to which he devotes considerable of his time during office hours . . . in violation of government regulations"; that he took advantage of his immediate superior officer and used government property and time for his own private enterprises; that he "faked" or "fudged" statistical reports to the district engineer; that he knowingly allowed incorrect reports to be submitted; that he had been given a low rating on habits; and generally charged him with neglect of duty and inefficiency. The

complaint also alleged that the designated portions of the letter claimed to be libelous "were and are false, defamatory and untrue and were known by said defendant to be false and untrue, and were wilfully and maliciously written and published of and concerning the plaintiff by said defendant for the purpose of injuring the reputation of said plaintiff in the eyes of his employer." The plaintiff did not allege special damages, but prayed for general damages only. The demurrer of the defendant was interposed principally on the grounds that the portions of the letter claimed to be defamatory, etc., were privileged under and by virtue of section 47 of the Civil Code and that the statements were not actionable without allegations of special damage.

The appellant contends that the order sustaining the demurrer was erroneous for the reasons that the alleged defamatory writing is actionable *per se* and if privileged at all is only qualifiedly privileged under the provisions of subdivision 3 of section 47 of the Civil Code.

We are of the opinion that both contentions must be sustained. Civil Code, section 45, defines libel as a "false and unprivileged publication by writing . . . which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." That the defamatory matter alleged in the complaint had a tendency to injure the plaintiff in his occupation and if actionable at all is actionable *per se* is supported by *Stevens* v. *Snow,* 191 Cal. 58 [214 Pac. 968], and *Schomberg* v. *Walker,* 132 Cal. 224 [64 Pac. 290]. It was not necessary, therefore, for the plaintiff to have alleged special damage.

The complaint, if it shows privilege at all, shows only that the publication was qualifiedly privileged under the provisions of subdivision 3 of section 47 of the Civil Code. That subdivision provides that a publication is privileged when it is made "In a communication, without malice, to a person interested therein by one who is also interested, or by one who stands in such relation to the person interested as to afford a reasonable ground for supposing the motive for the communication innocent, or who is requested by the person interested to give the information." Section 47, subdivision 2, provides that a privileged publication is one made "In any legislative or judicial proceeding, or in

any other official proceeding authorized by law.'' But it is not ascertainable from the complaint that the communication addressed by the defendant to the Secretary of War was intended to, or did in fact, initiate an authorized proceeding for any purpose. If such indeed is the case, i. e., that the letter properly initiated a proceeding before the Secretary of War and the communication is claimed to be absolutely privileged by virtue of the provisions of subdivision 2 of section 47 of the Civil Code, that claim cannot be made nor the privilege be successfully asserted by demurrer when the complaint itself does not show such privilege. In such a case privilege must be specially pleaded. (*Stevens* v. *Snow, supra.*) Where, as here, the complaint shows on its face no more than that the libelous publication was made in a communication to a person interested, etc., and malice is pleaded, the plaintiff states a cause of action. The demurrer was improperly sustained.

The judgment is reversed.

Richards, J., Seawell, J., Waste, C. J., Preston, J., Curtis, J., and Langdon, J., concurred.