[L. A. No. 15823. In Bank.—October 29, 1936.]

WILLIAM J. LOCKE, Appellant, v. JAMES H. MITCHELL et al., Respondents.

Kirkbride, Wilson & Brooks and J. W. Coleberd for Appellant.

Clive W. Johnson, Paul J. Otto, W. L. Pollard and S. L. Kurland for Respondents.

EDMONDS, J., *pro tem.*—A general demurrer to plaintiff's complaint having been sustained without leave to amend, plaintiff appeals from the judgment of dismissal subsequently entered.

The action is one for libel, and is based upon a letter alleged to have been written and published by the defendants. The complaint alleges that plaintiff is an attorney who for more than twenty years before the publication of the letter complained of specialized in municipal corporation law and served either as assistant secretary or secretary of the League of California Municipalities, an association composed of more than 100 incorporated cities and towns in this state,

and that during the larger part of said time plaintiff acted as special legal advisor to many of the cities. The complaint further alleges that without any valid reason therefor plaintiff was discharged from his office as secretary by the directors of the league, and that thereafter defendants "maliciously composed of and concerning plaintiff, false and defamatory matter in the form of a letter" and published the letter by causing it to be mailed to mayors and city officials of many cities belonging to the league.

This letter, quoted in full in the complaint, appears to have been written on stationery of the League of California Municipalities, where also appears under the title of president, the name of defendant Mitchell. It is addressed to "Honorable Mayors and City Officials of the Member Cities of the League of California Municipalities", under date of March 24, 1932, and is signed: "James H. Mitchell, President League of California Municipalities". In it Mitchell states that the board of directors of the league on March 12th was compelled "in view of the facts presented", to ask for plaintiff's resignation.

As reasons for demanding the resignation, the letter states that during plaintiff's absence from the city a Mr. Levy came into possession of a check for $190 payable to the league; that plaintiff by wire authorized Levy to endorse the check in the name of the league; that Levy did endorse it and used the proceeds and that the league has never received that part of the money to which it was entitled. The letter discusses other checks which, it states, although payable to the league, were endorsed and cashed, the major portion of the proceeds being used for other than league purposes. It also states that "The testimony given to the Board showed without contradiction that of the various sums appropriated as aforesaid, there is at least now a net sum of $202.40 unpaid" and that knowledge of the transactions came "from sources other than the office of the Secretary-Manager". The letter also mentions a publishing company with which the plaintiff was connected during all of the time mentioned, and implies that the transactions of this company with the league were questionable, if not dishonest.

Reading the letter as a whole there is no doubt that it charges plaintiff with dishonest conduct and that its publication had a "tendency to injure him in his occupation";

hence under section 45 of the Civil Code, which defines libel as a "false and unprivileged publication by writing . . . which exposes any person to hatred, contempt, ridicule, or obloquy . . . or which has a tendency to injure him in his occupation", the letter would be libelous *per se* if both false and unprivileged. (*Bates* v. *Campbell*, 213 Cal. 438 [2 Pac. (2d) 383]; *Layne* v. *Kirby*, 208 Cal. 694 [284 Pac. 441]; *Maher* v. *Devlin*, 203 Cal. 270 [263 Pac. 812].)

Privilege must be pleaded as an affirmative defense to an action for libel (*Gilman* v. *McClatchy*, 111 Cal. 606 [44 Pac. 241]); except where the existence of the privilege is disclosed on the face of the complaint (*Maher* v. *Devlin*, *supra*). Here the face of the complaint discloses a clear case of qualified privilege under section 47, subdivision 3, of the Civil Code, which provides that a privileged publication is one made "In a communication, without malice, to a person interested therein . . . by one who is also interested, or . . . by one who stands in such relation to the person interested as to afford a reasonable ground for supposing the motive for the communication innocent, or . . . who is requested by the person interested to give the information." In other words, the letter here, *if without malice*, was a privileged communication to an interested person within the meaning of the quoted code section. In such a case malice becomes the gist of the action and it must exist as a fact before the cause of action will lie.

Furthermore, while in the case of a false and unprivileged publication, libelous *per se*, malice is implied, and lack of it is a matter of defense, which need not be pleaded (*Gilman* v. *McClatchy*, *supra; Snively* v. *Record Pub. Co.*, 185 Cal. 565 [198 Pac. 1]), this is not true of a qualified privilege, for section 48 of the Civil Code expressly declares that "malice is not inferred from the communication or publication" in the cases provided for in subdivisions 3, 4 and 5 of section 47. Hence, where the complaint discloses a case of qualified privilege, no malice is presumed and in order to state a cause of action the pleading must contain affirmative allegations of malice in fact. (*Taylor* v. *Lewis*, 132 Cal. App. 381 [22 Pac. (2d) 569]; *Gunsul* v. *Ray*, 6 Cal. App. (2d) 528 [45 Pac. (2d) 248]; *Morcom* v. *San Francisco Shopping News*, 4 Cal. App. (2d) 284 [40 Pac. (2d) 940].)

■ The complaint in this case sets forth no facts showing that malice existed at the time the communication was published. The allegations that defendants "maliciously composed of and concerning plaintiff, false and defamatory matter in the form of a letter" and "that said charges, made and published in said letter . . . were and are false, malicious and scandalous . . . ", state the mere conclusion of the pleader (*Taylor* v. *Lewis, supra*). In the case last cited it is said: "Does the complaint herein allege such malice? In our opinion it does not. The allegation that the article was 'maliciously published' would seem to be but a mere conclusion of the pleader, unless the article itself lends support to such a conclusion".

In the present case the letter itself does not support the conclusion that it was maliciously published. On the contrary, its tenor indicates that it was published with regret after a partial investigation which led the writer to believe that the charges made were true. The pleading does not allege that the defendants knew the charges were false or had any reason to believe they were false. The pleading, of course, does use the words "malicious" and "maliciously", but these words, standing alone, are not sufficient to charge malice in fact. The rule as stated in *Henry* v. *Moberly,* 6 Ind. App. 490 [33 N. E. 981, 983, 984), is as follows: "The word 'malicious', as used in the complaint, evidently applies to the matter published, and not to the act of publishing. . . . The word 'malicious' denotes merely the absence of lawful excuse; in fact, to say that defamatory words are malicious in that sense means that they are unprivileged, not employed under circumstances which excuse them (Ogden, Sland. & L. (2d Eng. Ed.) 270; Townsh. Sland. & L. (5th ed.) p. 66. The use of the word in that sense is overcome by the statement of the facts and circumstances, which show there was an excuse, in this: That the occasion for the uttering and publishing of the words in controversy was privileged. . . . When the complaint discloses that the occasion was privileged, the allegation that the language was false and malicious is not sufficient, but in such case the complaint must further show that the defendant acted maliciously in publishing it. In this case, in view of the averments contained in the complaint . . . the appellee should have further alleged either, in express terms, that

appellant acted maliciously, or she should have averred facts which would have been the equivalent of such allegations.'' So in the present case we conclude that the complaint fails to allege malice in fact on the part of the defendants.

Our attention is called to certain language in *Stevens* v. *Snow*, 191 Cal. 58, 64, 65 [214 Pac. 968], which appears to be at variance with the well-established rule concerning the pleading of privilege. The court there said: ''The rule that privilege to be available as a defense must be pleaded is subject to the single exception that when it appears upon the face of the complaint it may be availed of by demurrer (citing cases). But this exception is limited to cases of absolute privilege under subdivisions 1 and 2 of section 47 of the Civil Code . . . '' The last sentence is unsupported in the opinion by any citation of authority and was unnecessary to the decision, as the court was considering a communication which was both libelous *per se* and unprivileged.

As the complaint in the present case fails to state a cause of action, the demurrer was properly sustained.

The judgment is affirmed.

Curtis, J., Thompson, J., Waste, C. J., and Shenk, J., concurred.