MAYER

v.

NORTHERN LIFE INS. CO.

No. 32853.

United States District Court,
N. D. California, S. D.

Dec. 3, 1953.

Ashe & Pinney, San Francisco, Cal.,
for plaintiff.

Knight, Boland & Riordan, San Francisco, Cal., for defendant.

OLIVER J. CARTER, District Judge.

This case is before the Court on defendant's motion to dismiss the first amended complaint. The complaint is in two counts, and the motion to dismiss challenges the sufficiency of both counts to state a claim upon which relief could be granted. Heretofore the Court dismissed the complaint for failure to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. The amendment to the complaint pleads fraud with sufficient particularity to state a claim for relief, and the motion to dismiss upon that ground is therefore not well taken.

In count 2 of the complaint the plaintiff alleges that "defendant caused to be recorded in the records of an agency subscribed to by life insurance companies the false information." The false information alleged to have been given to the agency, which in turn gave the information to other insurance companies, was the fact that the plaintiff was suffering from a heart condition, which information the plaintiff alleges was not true and that the defendant knew it was not true. The only theory upon which this cause of action could be sustained is that it is a species of defamation. However, the allegations of the complaint disclose that this is a case of qualified privilege within the provisions of Section 47(3) [1] of the Civil Code of the State of California. In the case of Locke v. Mitchell, 7 Cal. 2d 599, 61 P.2d 922, the Court held that where the complaint discloses the evidence of a qualified privilege, it does not state a cause of action in the absence of an affirmative allegation of malice. The plaintiff has failed to allege malice in the second count, and therefore

---

1. Section 47 provides: "A privileged publication or broadcast is one made * * * 3. In a communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such relation to the person interested as to afford a reasonable ground for supposing the motive for the communication innocent, or (3) who is requested by the person interested to give the information."

fails to state a claim upon which relief could be granted, and the motion to dismiss the second count should be granted.

The dismissal of the second count which prays damages in the sum of $25,000 leaves only count 1 which states a claim for damages for the plaintiff between the premium paid ($55.80 per month) and the normal premium. Since the policy was taken out on June 5, 1952 it would be a mathematical certainty that the damages under count 1 must be less than $3,000. This action was commenced originally in this Court by reason of the diversity of citizenship of the plaintiff and defendant under the provisions of 28 U.S.C.A. § 1332(a) (1) which requires that this Court shall have original jurisdiction only where the matter in controversy exceeds the sum or value of $3,000 exclusive of interest and costs. Therefore the action should be dismissed.

It Is Therefore Ordered, Adjudged and Decreed that plaintiff's action be, and the same is, hereby dismissed.