[Civ. No. 15782.   First Dist., Div. One.   June 7, 1954.]

JAMES J. CAMPBELL, Appellant, v. JEWISH COMMITTEE FOR PERSONAL SERVICE, Respondent.

James J. Campbell, in pro. per., for Appellant.

Walter McGovern for Respondent.

PETERS, P. J.—The complaint in this action, labeled "Complaint for Libel," was filed April 23, 1952, names as plaintiff "James J. Campbell, Guardian of Philip Cohen," and is verified by Campbell, who appeared in the trial court and appears here in propria persona. The libel is alleged to have been uttered by defendant in December of 1945. It relates to Philip Cohen, the brother of Campbell, and prays for $25,000 damages. In spite of the caption, Campbell appears only on his own behalf and does not appear in any representative capacity. It affirmatively appears that Cohen is not incompetent, and that Campbell has not been appointed his guardian. Not being a lawyer, Campbell cannot appear as attorney for his brother.

Defendant, a charitable corporation, generally and specially demurred to the complaint. On June 23, 1952, the demurrer was sustained and plaintiff granted 15 days to amend. On the 15th day, July 8, 1952, plaintiff filed a document entitled "Answer to Demurrer." A reading of this document discloses that it appears to be a tardy argument made after the court had already sustained the demurrer. However, because of plaintiff's inexperience, insofar as it contains any allegations of fact, it will be considered as an attempt to amend the complaint. So interpreted, plaintiff was not in default in failing to amend.

On August 8, 1952, defendant moved for and the court

granted judgment on the pleadings. Formal judgment in favor of defendant was entered October 1, 1952. Plaintiff, on August 13, 1952, however, appealed from the nonappealable order of August 8, 1952. The subsequent motion of defendant to dismiss the appeal was denied on the authority of *Collins* v. *City & County of San Francisco*, 112 Cal.App. 2d 719 [247 P.2d 362]. Under the rule announced in this decision the appeal has been treated as one from the subsequently entered judgment.

Inasmuch as we have held that plaintiff is not in default for failure to amend his complaint, the problem presented on this appeal is whether the complaint and its amendments state a cause of action. (*Gill* v. *Curtis Publishing Co.*, 38 Cal.2d 273 [239 P.2d 630]; *Morris* v. *Harbor Boat Building Co.*, 112 Cal.App.2d 882 [247 P.2d 589].)

Plaintiff's two briefs, both very short, contain no legal arguments or citations to support his contention that the judgment should be reversed. An examination of the complaint and its amendments, however, demonstrates that such pleadings fail to state a cause of action against defendant, and are therefore fatally defective.

The complaint alleges that it was the "duty of Defendant to render assistance to patients of State Hospitals"; that on December 10, 1945, the defendant wrote a letter to the superintendent of a designated state mental hospital in New York from which plaintiff's brother had been released, stating the following of plaintiff's brother: "Why do you turn loose patients like him . . . That the Defendant meant thereby that the Plaintiff's brother did not merit his freedom, and should be confined indefinitely, and said letter was so understood by the Medical Superintendent, and his Staff, who read it"; that the letter was "false and defamatory"; that "Plaintiff's brother hath sustained damage by reason of said false and defamatory letter, as a result of which the Medical Superintendent has steadfastly refused to again release Plaintiff's brother and restore his freedom, in the sum of Twenty Five Thousand ($25,000.00) Dollars." Plaintiff prays for judgment in that amount.

Out of the "Answer to Demurrer" can be spelled allegations that the claimed libel has resulted in the continued confinement of plaintiff's brother; that "the real party in interest is Philip Cohen, as he is the one who has suffered damages as a result of defendant's libelous action"; that "Philip Cohen never was or now is insane or incompetent ex-

cepting that he has suffered the deteriorating influence of years of unwarranted state hospital incarceration"; that "Philip Cohen never was adjudged to be an incompetent person by any court"; that Campbell is the brother and closest interested living relative of Philip Cohen; that Campbell has suffered special damages because of the libel "by being deprived of the company of his brother, Philip Cohen; by being denied the opportunity of guiding his brother, Philip Cohen, along the paths of health, character, and the pursuit of happiness."

These pleadings, interpreted most liberally in favor of plaintiff, are fatally defective in several respects.

It is obvious that the real party in interest has not sued. Philip Cohen was the subject of the alleged defamatory letter, but it is James Campbell, his brother, who has brought the action. It is alleged that Philip Cohen is not incompetent and has not been adjudged insane. Campbell does not allege that he has been appointed guardian or has any authority to sue on behalf of Philip Cohen. Thus, the complaint discloses on its face that it is not brought by the real party in interest. For that reason the general demurrer was properly sustained.

In the second place, the complaint discloses on its face that it is barred by the statute of limitations, Code of Civil Procedure, section 340, subdivision 3, properly raised by the demurrer. That section requires libel actions to be brought within one year. Here the libel is alleged to have been uttered on December 10, 1945. The complaint was not filed until April 23, 1952. Although the complaint as amended alleges that the libel is an "existing libel, actively influencing" Cohen's "continued confinement," this allegation adds nothing to the complaint. A libel, uttered but once, is not a continuous thing. The libel occurred upon publication. Such publication was made over six years before the complaint was filed.

The statute of limitations of California governs, regardless of where the cause of action arose. Whatever may be the rule in other states, California has held that the statute of limitations is a matter of procedure, and that the law of the forum governs. (*Biewend* v. *Biewend*, 17 Cal.2d 108 [109 P.2d 701, 132 A.L.R. 1264].) This is also a fatal defect in the pleading.

The complaint is also defective in that it affirmatively discloses that the allegedly libelous letter was a privileged communication. Under the provisions of section 47, subdivi-

sion 3, of the Civil Code a communication, without malice "to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such relation to the person interested as to afford a reasonable ground for supposing the motive for the communication innocent, or (3) who is requested by the person interested to give the information," is privileged.

The allegedly libelous letter falls within this section. It discloses that it was addressed to the superintendent of the mental hospital where plaintiff's brother was a patient, who therefore was an interested person, by the defendant, a charitable corporation, that plaintiff alleges is engaged in the business of helping mental patients in such hospitals, also an interested agency. This is sufficient to make the alleged libel privileged. (*Locke* v. *Mitchell*, 7 Cal.2d 599 [61 P.2d 922]; *Emde* v. *San Joaquin County etc. Council*, 23 Cal.2d 146 [143 P.2d 20, 150 A.L.R. 916]; *Freeman* v. *Mills*, 97 Cal.App.2d 161 [217 P.2d 687]; *Glenn* v. *Gibson*, 75 Cal.App.2d 649 [171 P.2d 118]; *Brewer* v. *Second Baptist Church*, 32 Cal.2d 791 [197 P.2d 713].)

The letter was not libelous *per se*. (*Peabody* v. *Barham*, 52 Cal.App.2d 581 [126 P.2d 668]; *Babcock* v. *McClatchy Newspapers*, 82 Cal.App.2d 528 [186 P.2d 737]; *Washer* v. *Bank of America*, 21 Cal.2d 822 [136 P.2d 297, 155 A.L.R. 1338].) Since this is so, and inasmuch as malice has not been alleged and the existence of the privilege is disclosed on the face of the complaint as amended, the general demurrer was properly sustained. (*Locke* v. *Mitchell*, 7 Cal. 2d 599 [61 P.2d 922].)

In addition to these several fatal defects plaintiff has failed to allege any special damage recognized by the law. Such allegations are indispensable where the defamatory matter is not libelous *per se*. (Civ. Code, § 45a.) The type of special damages that may be recovered is defined in section 48a, subdivision 4(b), as follows: " '*Special damages*' are all damages which plaintiff alleges and proves that he has suffered in respect to his property, business, trade, profession or occupation, including such amounts of money as the plaintiff alleges and proves he has expended as a result of the alleged libel, and no other."

The complaint alleges no damages at all to the plaintiff Campbell. The "Answer to Demurrer" alleges that Philip Cohen is the real party in interest who has suffered damage, and as special damage to plaintiff alleges that because of

the confinement of Philip, the plaintiff has been deprived of the company of his brother and denied the opportunity of guiding him. Such damages are not included within the provisions of section 48a of the Civil Code above quoted.

For these several reasons the complaint was fatally defective and therefore subject to a general demurrer. The judgment on the pleadings was therefore properly granted. The judgment appealed from is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 4, 1954.