[Civ. No. 18310.    First Dist., Div. Two.    June 4, 1959.]

GEORGE PAVLOVSKY, Appellant, v. THE BOARD OF TRADE OF SAN FRANCISCO (an Unincorporated Association), Respondent.

Maxwell Keith for Appellant.

Alexander, Bacon & Mundhenk, Herbert Chamberlin and James M. Conners for Respondent.

DRAPER, J.—Demurrer to plaintiff's complaint was sustained with leave to amend. Plaintiff elected to stand upon the complaint. He appeals from judgment of dismissal thereafter entered.

While the complaint is in three counts, it is apparent that they represent but three statements of a claim based upon a single alleged wrongful act of defendant. All three counts allege that: Plaintiff is a retailer who for 20 years has "maintained a good reputation and credit standing." Defendant Board of Trade is an unincorporated association composed of some 350 wholesalers, manufacturers and jobbers. "Its purpose is to provide for joint action by all of its members in dealing with financially embarrassed or insolvent debtors." Its constitution and by-laws obligate all members to "take joint action with respect to debtor parties whose names have been submitted to the (board) by a member." Customarily, members "cease to deal, on a credit basis, with parties named to the (board), and who appear on said Board's lists of reported debtors." The three counts vary in their allegations of the action of the board as to plaintiff, but all allege in substance that he was so listed by the board, that extension of

credit to him was curtailed or terminated, and that he suffered business losses and became ill as a result thereof.

The first count clearly sounds in libel. It alleges that defendant board "published the name of plaintiff as a debtor party," that this led the members of the board to believe plaintiff to be "financially embarrassed or insolvent," when in fact he was. not so, and that this "publication was false and defamatory." Conceding that this allegation meets the other requirements of the code definition of libel (Civ. Code, § 45), the issue before us is whether it is unprivileged. Defendant argues that the publication is privileged within the meaning of Civil Code, section 47, subdivision 3, as a communication without malice to persons interested therein by one who is also interested.

■ Ordinarily, privilege must be pleaded as an affirmative defense. (*Taylor* v. *Lewis*, 132 Cal.App. 381 [22 P.2d 569].) But where the existence of the privilege is shown on the face of the complaint, it may be raised by general demurrer. (*Locke* v. *Mitchell*, 7 Cal.2d 599, 602 [61 P.2d 922].) ■ Here the complaint alleges that the purpose of the board is "to provide for joint action by all of its members" as to debtors, and that it is required to "actively engage in causing joint action . . . of all of its members in dealing with debtor parties complained of by any member . . . to said Board." It is implicit in these allegations of the purpose and rules of the board that the members, in joining it, requested it to inform them all of credit complaints made by any member, and that all were interested therein. It follows, under the rationale of the decisions, that the communication from board to members, if made without malice, was within the privilege defined in section 47, subdivision 3. (*Locke* v. *Mitchell, supra*; *Emde* v. *San Joaquin etc. Council*, 23 Cal.2d 146, 161 [143 P.2d 20, 150 A.L.R. 916]; *Maher* v. *Devlin*. 203 Cal. 270 [263 P. 812]; *Freeman* v. *Mills*, 97 Cal.App.2d 161 [217 P. 2d 687]; *Glenn* v. *Gibson*, 75 Cal.App.2d 649 [171 P.2d 118]; *Morcom* v. *San Francisco Shopping News*, 4 Cal.App.2d 284 [40 P.2d 940].)

■ Plaintiff cites authority (36 Am.Jur. 182, Mercantile Agencies, § 9; 30 A.L.R.2d 776) for the contention that credit reports by mercantile agencies are not privileged. No California authority is cited, and the texts cited by plaintiff affirmatively show that the weight of authority elsewhere does extend the privilege to such agencies. Moreover, plaintiff's

authorities show that a "mercantile agency" is one which collects and distributes credit information for profit. His own allegations establish that defendant board is not of this type. Thus even the minority view does not aid him here.

The privilege here invoked is not absolute. It exists only in the absence of malice. When the privilege appears from the face of the complaint, that pleading must allege malice in fact in order to state a cause of action. (*Locke* v. *Mitchell, supra,* 7 Cal.2d 599, 602-603; *Washer* v. *Bank of America,* 21 Cal.2d 822, 831 [136 P.2d 297, 155 A.L.R. 1338].) Mere falsity is not enough to show actual malice. (*Emde* v. *San Joaquin etc. Council, supra,* 23 Cal.2d 146, 161.) The complaint here lacks even the pleading of "malice" as a conclusion, and it contains no allegation of facts showing that defendant knew or should have known of the alleged falsity of the communication. Thus it is wholly insufficient to establish malice (*Locke* v. *Mitchell, supra*), and the demurrer to the first count was properly sustained.

The second count alleges that defendant board "intentionally and without justifiable cause or excuse, caused to be published the name of plaintiff as a financially embarrassed or insolvent debtor." To the extent that this may be treated as alleging libel, it is subject to the same privilege already discussed, and in its failure to allege knowledge or reason to believe the communication to be false, it similarly fails to allege malice in fact. If it be viewed as alleging a wrongful interference with or disparagement of plaintiff's credit standing, it is defective in failing to allege any design or purpose so to injure him. Also, in the comparable tort of disparagement of title, substantially the same privileges are recognized as in libel. (*Albertson* v. *Raboff,* 46 Cal.2d 375, 378 [295 P.2d 405].)

Plaintiff's third count alleges that the board "without any preliminary investigation, without a hearing, without obtaining the consent of the plaintiff . . ., and without requesting his version as to any report made against him, negligently, without due care and without reasonable cause, published the name of plaintiff to its membership . . . as a debtor requiring joint action on the part of its membership."

If this count be deemed to allege libel, it meets the same obstacles of qualified privilege and lack of allegation of malice already discussed. If it be regarded as seeking to assert a cause of action for negligence, it is also defective. Nowhere does it define what would constitute "a debtor re-

quiring joint action." Thus we have no means, either in this or any other count, of determining whether plaintiff in fact was within this definition. While it is alleged that plaintiff had long maintained "a good reputation and credit standing" and continued to maintain them at the date of the alleged publication, this does not negate indebtedness nor does it show. ability to pay within whatever period and upon whatever terms may be prescribed by the undefined standards of the board and its members. This vague pleading shows no standard of care and thus, obviously, no failure to meet such standard. It is wholly insufficient to state a cause of action in negligence.

██ Here plaintiff was given leave to amend but refused to do so. Thus we examine his complaint only to find whether it states a cause of action, not to determine whether plaintiff might have been able to state one. (*Levinson* v. *Bank of America*, 126 Cal.App.2d 122, 125 [271 P.2d 632].) The complaint before us does not meet this test.

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 29, 1959. Peters, J., was of the opinion that the petition should be granted.