[Civ. No. 19985. First Dist., Div. Two. Dec. 14, 1962.]

ISIAH L. BOTTOM, Plaintiff and Appellant, v. KATHRYN
M. BOTTOM, Defendant and Respondent.

Borah R. Hansen for Plaintiff and Appellant.

Pierre A. Fontaine for Defendant and Respondent.

SHOEMAKER, J.—Plaintiff Isiah L. Bottom brought this action to set aside or enjoin the enforcement of an interlocutory decree of divorce. He alleges that on March 14, 1956, defendant Kathryn M. Bottom filed a divorce action against him in the Alameda County Superior Court; that he was served with a copy of the summons and complaint on March 29, 1956, and that thereafter the parties became reconciled and lived together until July 13, 1956; that subsequently, on June 10, 1957, plaintiff's default was entered for failure to answer the complaint in the divorce action, and on June 24, 1957, a default judgment was entered awarding Kathryn an interlocutory decree of divorce upon the ground of cruelty. Plaintiff additionally alleges that said judgment was procured through "extrinsic fraud practiced upon the court," in that Kathryn fraudulently concealed from the court her reconciliation with the plaintiff "which if disclosed would have rendered improper the granting . . . of such interlocutory decree of divorce"; that he had a good and sufficient defense to the divorce action, and that he had no knowledge of the judgment until January 1958. He prayed that the judgment be declared null and void and that defendant Kathryn Bottom be permanently enjoined from enforcing it.

Defendant demurred generally to the complaint, and also moved to strike the complaint and for judgment on the pleadings. The court denied the motion to strike and sustained the demurrer with leave to amend. Upon the plaintiff's failure to amend the complaint within the time allowed by the court, judgment was entered in favor of the defendant Kathryn Bottom. Plaintiff appeals therefrom.

Where a plaintiff is given leave to amend but refuses to do so, the function of the appellate court is limited to determining whether the complaint states a cause of action, not whether appellant might have been able to do so. (*Levinson* v. *Bank of America* (1954) 126 Cal.App.2d 122, 125 [271 P.2d 632]; *Pavlovsky* v. *Board of Trade* (1959) 171 Cal.App.2d 110, 115 [340 P.2d 63].) When the complaint in the instant case is examined in the light of this rule, it becomes apparent that no cause of action is therein stated.

Appellant's complaint purports to plead facts constituting "extrinsic fraud" in the procurement of the interlocutory decree of divorce. However, the sole fraudulent act alleged is that respondent concealed *from the court* her reconciliation with appellant and thereby procured a judgment to which she would not otherwise have been entitled. The California courts have repeatedly held that such conduct constitutes intrinsic rather than extrinsic fraud, and will not support a collateral attack upon the judgment.[1] In *Westphal* v. *Westphal* (1942) 20 Cal.2d 393, 397 [126 P.2d 105], the court stated: "The final judgment of a court having jurisdiction over persons and subject matter can be attacked in equity after the time for appeal or other direct attack has expired only if the alleged fraud or mistake is extrinsic rather than intrinsic. [Citations.] Fraud or mistake is extrinsic when it deprives the unsuccessful party of an opportunity to present his case to the court. [Citations.] If an unsuccessful party to an action has been kept in ignorance thereof [citations] or has been prevented from fully participating therein [citation], there has been no true adversary proceeding, and the judgment is open to attack at any time. A party who has been given proper notice of an action, however, and who has not been prevented from full participation

---

[1]*Chester* v. *Chester* (1946) 76 Cal.App.2d 265 [172 P.2d 924], upon which appellant relies, dealt only with the quantum of proof necessary to obtain dismissal of a separate maintenance action *prior* to entry of judgment. The rule there set forth has no bearing whatever on the question of what constitutes extrinsic fraud for the purpose of setting aside a judgment previously rendered.

therein, has had an opportunity to present his case to the court and to protect himself from any fraud attempted by his adversary. [Citations.] Fraud perpetrated under such circumstances is intrinsic, even though the unsuccessful party does not avail himself of his opportunity to appear before the court.''

In *Heathman* v. *Vant* (1959) 172 Cal.App.2d 639 [343 P.2d 104], the defendant in a divorce action sought to set aside interlocutory and final decrees on the ground that plaintiff wife had perpetrated an extrinsic fraud on the court by wilfully misrepresenting her California residence. An order denying his motion to annul the decrees was affirmed on appeal, with the court stating: ''It is settled in this state that a judgment will not be set aside because it is based upon perjured testimony or because material evidence is concealed or suppressed, that such fraud both as to the court and the party against whom judgment is rendered is not fraud extrinsic to the record for which relief may be had. [Citation.] The rule is the same whether the judgment sought to be set aside is a default judgment or rendered after answer and contested trial. [Citations.]'' (Pp. 648-649.) (To the same effect, see *Harvey* v. *Griffiths* (1933) 133 Cal.App. 17 [23 P.2d 532], where plaintiffs obtained a default foreclosure judgment by concealing from the court the terms of their contract with defendants; and *Hosner* v. *Skelly* (1946) 72 Cal.App.2d 457 [164 P.2d 573], where plaintiff wife obtained default interlocutory and final decrees of divorce by concealing the existence of a property settlement agreement with the defendant.)

The complaint in the instant case is devoid of any allegation that appellant was kept in ignorance of the pending divorce action or was prevented from fully participating therein. To the contrary, the complaint expressly states that appellant was personally served with process some 14 months prior to entry of the interlocutory decree which he now seeks to set aside. Although the complaint does allege that appellant did not learn of the judgment until January 1958, the face of the complaint contains no indication that this was due to any act of concealment on respondent's part.

Appellant was advised by the trial court as to the deficiency in his pleading and given time to correct it. He chose not to avail himself of this opportunity.

Judgment affirmed.

Kaufman, P. J., and Agee, J., concurred.