[Civ. No. 21299.    First Dist., Div. Three.    Nov. 1, 1963.]

PAUL R. BOYICH, Plaintiff and Appellant, v. LEWIS M. HOWELL et al., Defendants and Respondents.

Fitzsimmons & Petris and Roderic Duncan for Plaintiff and Appellant.

Robert J. Foley and Richard L. Doutt for Defendants and Respondents.

DRAPER, P. J.—Plaintiff seeks damages for alleged libel. Demurrer to his second amended complaint was sustained without leave to amend. Judgment of dismissal followed, and plaintiff appeals.

Plaintiff alleges that: he was a councilman of the City of Albany, and a candidate for election to that office; before the election defendants distributed to the "citizens and electors" of Albany a circular which falsely charged, among other things, that plaintiff "was convicted, fined and barred from holding a union office for five years ... because he stuffed the ballot box in a union election."

The sting of this charge is apparent on the face of the circular. We need not consider whether a charge of "conviction" in a strictly intra-union proceeding is a libel on its face. We do not subject the charge to critical analysis, but are to look to its "whole scope and apparent object," and to its natural and probable effect upon the mind of the average reader (*Bates* v. *Campbell*, 213 Cal. 438, 441-442 [2 P.2d 383]). The circular also charged that plaintiff had pleaded guilty to petty theft and had been punished therefor (a charge which we do not here consider since an earlier verified complaint apparently admitted its truth), and also referred to plaintiff's "natural animosity to law enforcement." The average lay reader of the entire circular could well view the charged conviction of union ballot box stuffing as asserting conviction of crime, concededly a libel on its face. Thus even if this charge be also susceptible of an innocent interpretation, it is defamatory on its face (*MacLeod* v. *Tribune Publishing Co.*, 52 Cal.2d 536, 548-550 [343 P.2d 36]). Allegations of innuendo and of special damages are surplusage when libel per se is charged (*Bates* v. *Campbell*, *supra*). Hence we need not consider defendants' attack upon the doubtful sufficiency of such allegations.

The charge is alleged to be false, and thus is actionable if unprivileged (Civ. Code, § 45). ▮ The pleaded circular concerns the qualifications of one holding and seeking public office, and thus is within the privilege defined by statute (Civ. Code, § 47, subd. 3; *Snively* v. *Record Publishing Co.*, 185 Cal. 565 [198 P. 1]; *Morcom* v. *San Francisco Shopping News*, 4 Cal.App.2d 284 [40 P.2d 940]). But that privilege is, by definition, qualified, i.e., it applies only to a communication made without malice. Malice is not to be inferred from the fact of communication (Civ. Code, § 48). ▮ Since the complaint discloses existence of the privilege, actual malice must be pleaded (*Locke* v. *Mitchell*, 7 Cal.2d 599 [61 P.2d 922]).

▮ To allege only that a statement was "maliciously published" has been held to be insufficient as a mere conclusion (*Locke* v. *Mitchell*, *supra*, at p. 603). But pleading that defendants published the article with knowledge of its falsity does adequately allege actual malice (*Washer* v. *Bank of America*, 21 Cal.2d 822, 831 [136 P.2d 297, 155 A.L.R. 138]; and see *Brewer* v. *Second Baptist Church*, 32 Cal.2d 791, 797 [197 P.2d 713]; *MacLeod* v. *Tribune Publishing Co.*, *supra*, 52 Cal.2d 536, 552).

Plaintiff does allege that defendants, at the time of publication, "knew that said statements were ... false." Thus actual malice is alleged, the defense of qualified privilege is met, and a triable issue of fact is presented.

▮ We have considered only one charge of the circular. As to it, the complaint does state a cause of action. Plaintiff has attempted to brand almost every word of the circular as libelous. In doing so, he has produced a jumble of uncertainty, as is conceded by counsel on appeal, who did not draw any of the complaints. Thus the complaint was vulnerable to the special demurrer, but since a cause of action is stated, leave to amend should have been granted (see cases cited in 2 Witkin, Cal. Procedure, 1496-1497).

Judgment reversed, with direction to grant plaintiff leave to amend.

Salsman, J., and Devine, J., concurred.