[Civ. No. 20461. Third Dist. Oct. 2, 1981.]

PAUL TSCHIRKY, Petitioner, v.
THE SUPERIOR COURT OF SISKIYOU COUNTY, Respondent;
RALPH A. MIRANDA, Real Party in Interest.

**COUNSEL**

Halkides & Morgan, Reese & Halkides and Arthur L. Morgan for Petitioner.

No appearance for Respondent.

James J. Johnson and Michael L. Johnson for Real Party in Interest.

## Opinion

**REGAN, J.**—This case arises from a complaint for libel. On November 2 and 3, 1980, Paul Tschirky (defendant), who was a candidate for supervisor, district one, in Siskiyou County, published a campaign advertisement in several local newspapers. The advertisement read as follows:

> "Farmers and Ranchers
> "Beware of Caesar Chavez;
>
> "I was asked by the business agent of the Union in McCloud if I would support Caesar Chavez?
>
> "In other words it amounted to him asking me to pledge allegiance to Caesar Chavez.
>
> "This I refused to do and told him I could not condone Caesar Chavez's tactics in forcing many of the little, as well as big, farmers out of business; showing no consideration of the rights of farmers and the public in general.
>
> "When I refused to pledge allegiance to Caesar Chavez then Norma Frey got the endorsement for Supervisor from the union in McCloud.
>
> Vote Paul Tschirky Supervisor Nov. 4th."

Ralph Miranda (plaintiff) filed a complaint for libel alleging that the advertisement referred to him in his capacity as a union official[1] and exposed him to "hatred, contempt, ridicule, obloquy [and] shunning" thereby tending to injure him in his occupation. Plaintiff alleged the advertisement was libelous on its face; he did not allege special damages. His only allegation of malice was an allegation that he was entitled to punitive damages because defendant had acted with ill will and a desire to oppress plaintiff.

Defendant demurred on the grounds (1) the statement was one of opinion not libelous on its face and thus not actionable without special damages, which plaintiff failed to allege (2) the communication was

---

[1] Miranda was the financial secretary and business agent of Local 364, International Woodworkers of America, with offices in McCloud, Siskiyou County.

privileged; and (3) the statement was one of opinion rather than fact. The issues before this court are substantially the same.

The trial court overruled defendant's demurrer, commenting that the statement is susceptible of at least two interpretations, one innocent, the other defamatory. It did not determine whether the statement was one of opinion or of fact, leaving the issue for the jury to determine. The court also did not address the issue of privilege. Defendant petitioned this court for a writ of mandate to compel the trial court to sustain his demurrer, alleging the trial court failed to perform its duties by not ruling on the issues before it and by failing to apply the proper law. We issued an alternative writ of mandate.

## I

This court recognizes the value and function of the First Amendment, particularly in the political arena. As said by Justice Powell in *Gertz* v. *Robert Welch, Inc.* (1974) 418 U.S. 323, 339-340 [41 L.Ed.2d 789, 805 94 S.Ct 2997]: "Under the First Amendment there is no such thing as a false idea. However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas. But there is no constitutional value in false statements of fact. Neither the intentional lie nor the careless error materially advances society's interest in 'uninhibited, robust, and wide-open' debate on public issues. *New York Times Co.* v. *Sullivan*, 376 U.S., at 270 [11 L.Ed. 2d 686, 95 ALR2d 1412]. They belong to that category of utterances which 'are no essential part of any exposition of ideas, and are of such slight social value as a step to truth that any benefit that may be derived from them is clearly outweighed by the social interest in order and morality.' *Chaplinsky* v. *New Hampshire*, 315 U.S. 568, 572 (1942)." (Fn. omitted.)

There can be no doubt that issues involving the First Amendment are of "significant legal impact." (*Babb* v. *Superior Court* (1971) 3 Cal.3d 841, 851 [92 Cal.Rptr. 179, 479 P.2d 379].) Although appellate courts are reluctant to intervene at the pleading stage of trial, the issues here, involving as they do the freedom of a candidate for public office to speak and the right of the public to hear, are of such significance that this court is compelled to entertain defendant's request for a writ of mandate. (*Ibid.*)

## II

■ Defendant contends his demurrer should be sustained because the complaint revealed a qualified privilege but failed to allege malice to overcome that privilege.

■ The general rule is that a privilege must be pleaded as an affirmative defense. (*Locke v. Mitchell* (1936) 7 Cal.2d 599, 602 [61 P.2d 922].) But where the existence of a privilege is revealed on the face of the complaint, it may be asserted in a demurrer. In such a case, the complaint must allege the statement was made maliciously, if it is to state a cause of action for libel. (*Id.*, at pp. 602, 604; 3 Witkin, Cal. Procedure (2d ed. 1971), Pleading, § 605, p. 2243.) Malice cannot be inferred. (Civ. Code, § 48; *Locke v. Mitchell, supra*, 7 Cal.2d at p. 602.)

■ ■ Plaintiff's complaint exposes the existence of several possible privileges, the most important of which is that of fair comment.[2] (Civ. Code, § 47, subd. 3.)[3] The advertisement, copies of which were attached to the complaint, shows that it was paid for by defendant, a candidate for local public office. It was directed toward voters, parties who were interested in the contents of the communication. Thus, the fair comment privilege applies (see *Snively v. Record Publishing Co.* (1921) 185 Cal. 565, 570-571 [198 P. 1]), and in order for the complaint to state a cause of action for libel, it must allege facts constituting malice.

The malice required is actual malice, that "state of mind arising from hatred or ill will, evidencing a willingness to vex, annoy or injure another person" (*Agarwal v. Johnson* (1979) 25 Cal.3d 932, 944 [160 Cal.Rptr. 141, 603 P.2d 58]), or lack of reasonable grounds for a belief in the truth of the statement. (*Roemer v. Retail Credit Co.* (1975) 44 Cal.App.3d 926, 936 [119 Cal.Rptr. 82].) Mere allegations of malice are not sufficient (*Locke v. Mitchell, supra*, 7 Cal.2d at p. 603; *Boyich*

---

[2]Other possible privileges raised by defendant are comments upon public policy (*Noral v. Hearst Publications, Inc.* (1940) 40 Cal.App.2d 348, 353 [104 P.2d 860]) and communications affecting public interest. (Rest., 2d Torts, § 598.)

[3]"In a communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such relation to the person interested as to afford a reasonable ground for supposing the motive for the communication innocent, or (3) who is requested by the person interested to give the information."

v. *Howell* (1963) 221 Cal.App.2d 801, 803 [34 Cal.Rptr. 794]); actual facts must be alleged, unless they are apparent from the statement itself. (*Maidman* v. *Jewish Publications, Inc.* (1960) 54 Cal.2d 643, 653 [7 Cal.Rptr. 617, 355 P.2d 265, 87 A.L.R.2d 439]; *Martin* v. *Kearney* (1975) 51 Cal.App.3d 309, 312 [124 Cal.Rptr. 281]; *Mullins* v. *Brando* (1970) 13 Cal.App.3d 409, 420 [91 Cal.Rptr. 796].) Plaintiff alleged only that "[t]he aforesaid publication was published by Defendant TSCHIRKY because of his feelings of ill-will toward Plaintiff and his desire to oppress Plaintiff and, therefore, Plaintiff is entitled to punitive damages . . . ." No facts are alleged to support plaintiff's conclusion, nor are they apparent from the advertisement. The complaint fails to state a cause of action for libel.

Although the demurrer must be sustained, we address defendant's remaining contention to resolve the issue raised.

### III

Defendant contends his demurrer should be sustained because the statement was one of opinion and as a matter of law not libelous on its face.

An essential element of libel is a false statement of fact. (*Gregory* v. *McDonnell Douglas Corp.* (1976) 17 Cal.3d 596, 600 [131 Cal. Rptr. 641, 552 P.2d 425].) A distinction must be made between charges "of a factual nature" or "of a type calculated to induce the audience to whom they are addressed to conclude or understand that they are factual" from a "'bona fide [expression] of opinion.'" (*Id.*, at p. 603.) (5) The character of a statement as fact or opinion is a question of law. (*Id.* at p. 601.)

This issue was raised by defendant's demurrer but not resolved by the trial court. If defendant's statement is one of opinion, then it cannot be false and is outside the meaning of libel. (*Gertz* v. *Robert Welch, Inc., supra,* 418 U.S. at pp. 339-340 [41 L.Ed.2d at p. 805]; see 75 Mich.L.Rev. 1621.) If it is one of fact or one meant to convince the audience it is factual, then it may be within the definition of libel. In its comment to its ruling on defendant's demurrer, the trial court expressly stated that the statement can be interpreted as one of fact or opinion, and if interpreted as a statement of fact, it is libelous on its face.[4] The

---

[4]This portion of the ruling is not complained of on appeal, although plaintiff contends it was the only proper ground for demurrer. .

issue being one of law and properly raised by the demurrer, the trial court should not have avoided a ruling. (*Hurtado* v. *Superior Court* (1974) 11 Cal.3d 574, 579 [114 Cal.Rptr. 106, 522 P.2d 666].)[5]

Let a peremptory writ of mandate issue directing the trial court to sustain defendant's demurrer without leave to amend and enter judgment dismissing the action. The alternative writ is discharged.

Blease, J., concurred in the result.

**PUGLIA, P. J.**—I agree that the writ must issue directing the trial court to sustain petitioner's demurrer without leave to amend.

"The critical determination of whether the allegedly defamatory statement constitutes fact or opinion is a question of law. (See *Letter Carriers, supra* [418 U.S. 264 (41 L.Ed.2d 745, 94 S.Ct. 2770)]; *Greenbelt Pub. Assn.* v. *Bresler* (1970) 398 U.S. 6 [26 L.Ed.2d 6, 90 S.Ct. 1537]; *Emde* v. *San Joaquin County etc. Council, supra,* 23 Cal.2d 146 [143 P.2d 20, 150 A.L.R. 916].) The distinction frequently is a difficult one, and what constitutes a statement of fact in one context may be treated as a statement of opinion in another, in light of the nature and content of the communication taken as a whole. Thus, where potentially defamatory statements are published in a public debate, a heated labor dispute, or in another setting in which the audience may anticipate efforts by the parties to persuade others to their positions by use of epithets, fiery rhetoric or hyperbole, language which generally might be considered as statements of fact may well assume the character of statements of opinion." (*Gregory* v. *McDonnell Douglas Corp.* (1976) 17 Cal.3d 596, 601 [131 Cal.Rptr. 641, 552 P.2d 425].)

The alleged libel of the real party in interest took place in the heat of a campaign for local elective office. The words arguably offensive to the reputation of the real party in interest suggest that he sought a "pledge of allegiance to Cesar Chavez" as a condition of supporting petitioner's bid for election. Considered in insolation, the putatively offending words are not defamatory. Such quid pro quos as sought by real party in interest may not be in the highest traditions of American politics but they are indisputably among the most commonly accepted. If these words

---

[5]As we read the statement of defendant as published (and quoted in the beginning of this opinion), the essential operative portion of the advertisement was the paragraph which read: "In other words it amounted to him asking me to pledge allegiance to Caesar Chavez." This was statement of *opinion*, as a matter of law.

are libelous, they are rendered so only by the accompanying gloss petitioner placed on the activities of Cesar Chavez. If the charge that Chavez forced many farms out of business and showed no consideration for the right of farmers or the public is factual, an inference arguably arises that real party in interest was closely allied with a ruthless, unprincipled malefactor.

However in the context of an election campaign the petitioner's characterization of Cesar Chavez' conduct constitutes a statement of opinion rather than fact and thus is protected speech to which no libelous connotation attaches.

The petition of real party in interest for a hearing by the Supreme Court was denied November 25, 1981.