Filed 9/5/25  Johnigan v. Elevated Resources CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| RONALD JOHNIGAN,<br><br>        Plaintiff and Appellant,<br>v.<br><br>ELEVATED RESOURCES, INC.,<br><br>        Defendant and Respondent. | A170972<br><br>(Marin County<br>Super. Ct. No. CV0000720) |

Plaintiff Ronald Johnigan appeals from an order dismissing his first amended complaint following three unsuccessful applications for entry of a default judgment against defendant Elevated Resources, Inc. (Elevated). Johnigan challenges the trial court's conclusions that he did not assert a valid cause of action against Elevated and that he failed to prove up his damages.  We agree with the trial court that Johnigan failed to state a cause of action against Elevated.  We therefore affirm.

## I.  BACKGROUND

This action arose from the termination of Johnigan's employment with VWR Global Holdings, Inc., doing business as Avantor (Avantor). Volt Workforce Solutions (Volt), a staffing agency, assigned Johnigan to work for Avantor as a technician.  After Avantor terminated Johnigan's employment, he filed an action in the superior court against Avantor and Volt for wrongful

1

termination. He alleged that Avantor terminated him in retaliation for his reporting of another employee's harassment of him. The parties submitted their dispute to binding arbitration, where the arbitrator eventually granted Volt and Avantor's motion for summary judgment.

Johnigan then initiated this defamation action against Avantor, two Avantor employees, and Elevated, "a third party Avantor contracts to find workers." According to the complaint's allegations, Avantor's site supervisor, Andrew Koo, and other Avantor employees made defamatory statements about Johnigan that resulted in his termination. The complaint further alleged that after Koo decided to terminate Johnigan, Elevated "sent Avantor a document saying [Johnigan] was let go for 'misconduct,'" a statement that Johnigan claimed was "based on information provided by Defendant Koo."

In November 2023, Johnigan filed a request for entry of Elevated's default and a default judgment for emotional distress damages totaling $750,000. The clerk entered default against Elevated in November 2023, but the trial court denied Johnigan's request for entry of judgment against Elevated because he failed to provide evidence in support of the damages he sought.

A few months later, Johnigan dismissed the Avantor defendants from the action after the trial court sustained their demurrer with leave to amend.

Johnigan then filed another request for entry of a default judgment against Elevated, this time with declarations from himself and his attorney. The trial court again denied his request for a default judgment. The court concluded that Johnigan's declaration did not provide sufficient evidence of his claimed damages. It further concluded that Elevated's allegedly defamatory statement was conditionally privileged under Civil Code section 47, subdivision (c), which codifies the "common interest privilege," and

2

Johnigan did not present evidence of malice to defeat the privilege. (See *Lundquist v. Reusser* (1994) 7 Cal.4th 1193, 1196.)

Johnigan thereafter filed the operative first amended complaint (FAC). The FAC contained substantially the same allegations as those set forth in the original complaint.

In May 2024, Johnigan filed a third application for entry of a default judgment against Elevated, which was supported by his declaration. The trial court denied the request for entry of a default judgment.[1] It reasoned that the FAC did not allege that Elevated's allegedly defamatory statement was false or that Elevated knew it was false. The court further concluded that the statement was protected by the common interest privilege, and the FAC did not sufficiently allege malice. Finally, the court concluded that Johnigan failed to prove his claimed damages. The court dismissed the action.[2]

## II. DISCUSSION

Johnigan argues that the trial court erred in denying his application for entry of a default judgment against Elevated for four reasons. First, he contends the court had a mandatory duty to enter a default judgment against Elevated, and therefore it applied an incorrect standard in denying his application. Second, he argues that the FAC states a cause of action against

---

[1] We grant Johnigan's request for judicial notice of the trial court's order denying his third application for entry of a default judgment and of his notice of appeal. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

[2] We treat the trial court's order denying entry of default judgment and dismissing the action as an appealable judgment. The order was in writing, signed by the court, and filed in the action. (See Code Civ. Proc., § 581d; *Chauncey v. Niems* (1986) 182 Cal.App.3d 967, 971, disagreed with on other grounds in *Lossing v. Superior Court* (1989) 207 Cal.App.3d 635, 637–638.)

3

Elevated because the well-pleaded allegations therein support a defamation claim and negate the common interest privilege. Third, he asserts the record shows that the court erroneously believed it had no discretion to award him damages in an amount less than what he prayed for in his complaint. Finally, Johnigan claims the court abused its discretion when it failed to award him "presumed" damages for defamation per se. We find Johnigan's failure to allege sufficient facts to defeat the common interest privilege dispositive and therefore affirm.

### A. General Principles Governing Default Judgments

Upon the plaintiff's application, the trial court is authorized to enter a judgment in an action when the defendant has failed to answer the complaint and the clerk has entered the defendant's default. (Code Civ. Proc., § 585, subd. (b).) "Generally, a defendant in default 'confesses the material allegations of the complaint.' " (*Los Defensores, Inc. v. Gomez* (2014) 223 Cal.App.4th 377, 392, quoting *Taliaferro v. Davis* (1963) 216 Cal.App.2d 398, 408.) Thus, " ' "the defendant's failure to answer has the same effect as an express admission of the matters well pleaded in the complaint." ' " (*Kim v. Westmoore Partners, Inc.* (2011) 201 Cal.App.4th 267, 281, quoting *Steven M. Garber & Associates v. Eskandarian* (2007) 150 Cal.App.4th 813, 823, italics omitted.) For that reason, those allegations "are treated as true for purposes of obtaining a default judgment." (*Kim,* at p. 281.)

The rule that a defendant admits the material allegations of the complaint upon its default does not apply to matters not well-pleaded. (*Vasey v. California Dance Co.* (1977) 70 Cal.App.3d 742, 749; accord, *Grappo v. McMills* (2017) 11 Cal.App.5th 996, 1015, disagreed with on other grounds in *First American Title Ins. Co. v. Banerjee* (2022) 87 Cal.App.5th 37, 46.) Thus, when the complaint does not state a cause of action, no judgment against the

defendant can rest on such a complaint because " '[a] defendant who fails to answer admits only facts that are well pleaded.' " (*Falahati v. Kondo* (2005) 127 Cal.App.4th 823, 829.)  Plaintiffs in default prove-up proceedings must establish a prima facie case of matters not admitted by the complaint. (*Johnson v. Stanhiser* (1999) 72 Cal.App.4th 357, 361–362, 364–365; *Vasey*, at p. 749.)

Therefore, contrary to Johnigan's first argument in his appellate brief, trial courts do not have a mandatory duty to enter a judgment in favor of the plaintiff upon the defendant's default where the complaint's allegations do not state a cause of action against the defendant.  (*Los Defensores, Inc. v. Gomez, supra*, 223 Cal.App.4th at p. 392.)

We review the FAC de novo to determine whether it states a cause of action against Elevated for defamation.  (*Lagrisola v. North American Financial Corp.* (2023) 96 Cal.App.5th 1178, 1186.)  In doing so, we focus on Elevated's alleged statement that Johnigan "was let go for 'misconduct,' " as it is the only statement in the FAC that is attributed to Elevated.[3]  (See *Kahn v. Bower* (1991) 232 Cal.App.3d 1599, 1612, fn. 5 [the words constituting the alleged defamation "must be specifically identified, if not pleaded verbatim in the complaint"].)  According to the FAC, Elevated published the statement to Avantor based on "information" provided by Koo, Avantor's site supervisor.

### B. Common Interest Privilege

The trial court concluded, based on the FAC's allegations, that Elevated's alleged publication was privileged under Civil Code section 47, subdivision (c), which codifies the "common interest privilege." (*Lundquist v.*

---

[3]  The FAC also alleges that Elevated "republished the defamation" to Volt but does not specify the substance of that defamation.

*Reusser, supra,* 7 Cal.4th at p. 1196.) The common interest privilege is "recognized where the communicator and the recipient have a common interest and the communication is of a kind reasonably calculated to protect or further that interest." (*Deaile v. General Telephone Co. of California* (1974) 40 Cal.App.3d 841, 846.) The interest protected must be of a " 'private or pecuniary' " interest, and the communication must have been in the course of a " 'contractual, business or similar relationship.' " (*Kashian v. Harriman* (2002) 98 Cal.App.4th 892, 914, called into doubt on another ground in *People ex rel. Gallegos v. Pacific Lumber Co.* (2008) 158 Cal.App.4th 950, 961, fn. 5.) "[A] defendant who makes a statement to others on a matter of common interest is immunized from liability for defamation so long as the statement is made 'without malice.' " (*Lundquist,* at p. 1196.)

Johnigan does not challenge the trial court's finding that the FAC establishes that Elevated and Avantor shared a common interest in Elevated's statement about his termination for purposes of the common interest privilege. As the court noted, the FAC alleged that Elevated was hired by Avantor " 'to find workers,' " and thus they had a common interest in finding and retaining suitable employees for Avantor. (See *King v. United Parcel Service, Inc.* (2007) 152 Cal.App.4th 426, 440 ["Parties in a business or contractual relationship have the requisite 'common interest' for the privilege to apply."].) Since the subject of Elevated's communication to Avantor concerned Johnigan's fitness as an employee, as reported to Elevated by Koo, it involved the type of information that Avantor would be interested in and that was within the scope of Avantor's relationship with Elevated. (See *Cuenca v. Safeway San Francisco Employees Fed. Credit Union* (1986) 180 Cal.App.3d 985, 995 ["Communications made in a commercial setting relating to the conduct of an employee have been held to fall squarely within

6

the qualified privilege for communications to interested persons."]; *McGrory v. Applied Signal Technology, Inc.* (2013) 212 Cal.App.4th 1510, 1538 [the common interest privilege "has been determined to apply to statements by management and coworkers to other coworkers explaining why an employer disciplined an employee"].) Johnigan has not presented any reason for us to conclude that these allegations were insufficient to establish the existence of the common interest privilege.[4]

Instead, citing the rule that a conditional privilege is an affirmative defense, Johnigan argues that the issue of whether Elevated's communication was protected by the common interest privilege was "inapplicable" because Elevated never raised the privilege as a defense. He further contends that the well-pleaded allegations in the FAC support a finding that Elevated published the allegedly defamatory statement with malice.

While it is true, generally speaking, that a defendant must assert the common interest privilege as an affirmative defense in a responsive pleading, an exception to this rule exists where the existence of the privilege appears on the face of the complaint. (*Locke v. Mitchell* (1936) 7 Cal.2d 599, 602; accord, *Tschirky v. Superior Court* (1981) 124 Cal.App.3d 534, 538.) In such cases, the complaint must contain affirmative allegations of malice to state a cause of action for defamation. (*Tschirky,* at pp. 538–539.)

Since the common interest privilege appears on the face of the FAC in this case, Johnigan was required to allege that Elevated made the defamatory statement with malice to state a cause of action for defamation against Elevated. " ' "The malice necessary to defeat a qualified privilege is

---

[4] "Issues not raised in the appellant's opening brief are deemed waived or abandoned." (See *Aptos Council v. County of Santa Cruz* (2017) 10 Cal.App.5th 266, 296, fn. 7.)

'actual malice' which is established by a showing that the publication was motivated by hatred or ill will towards the plaintiff or by a showing that the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights." ' " (*Lundquist v. Reusser, supra*, 7 Cal.4th at p. 1213, italics omitted, quoting *Roemer v. Retail Credit Co.* (1975) 44 Cal.App.3d 926, 936.)

Johnigan failed to adequately allege malice. The FAC alleges in part that the basis of defendants' malice was "to justify the illegal termination of Plaintiff." The issue of wrongful termination, however, was resolved against Johnigan in the arbitration and cannot be relitigated here. The FAC otherwise contains conclusory allegations of malice. "Mere allegations of malice are not sufficient [citations]; actual facts must be alleged, unless they are apparent from the statement itself." (*Tschirky v. Superior Court, supra*, 124 Cal.App.3d at pp. 538–539; see *Martin v. Kearney* (1975) 51 Cal.App.3d 309, 312 ["Actual facts of malice must be alleged. . . ."].) For example, the FAC alleges that defendants "ha[d] no reasonable basis" to believe the defamatory statements, but no specific facts are alleged showing that Elevated lacked reasonable grounds for belief in the truth of the information Koo provided it about Johnigan, and malice is not apparent from the statement itself. While the FAC alleges that defendants failed to investigate the truth of the defamatory statements, "[t]he failure to conduct a thorough and objective investigation, standing alone, does not prove actual malice." (*Reader's Digest Assn. v. Superior Court* (1984) 37 Cal.3d 244, 258.)

Johnigan's pleading deficiencies are even more apparent when read in context. (*Casey v. U.S. Bank Nat. Assn.* (2005) 127 Cal.App.4th 1138, 1153 [courts must " 'give the complaint a reasonable interpretation, reading it as a whole and its parts in their context' "].) The FAC alleges that Elevated is a

"third party" contractor. There are no allegations explaining how a third party like Elevated would know, or have a reason to suspect, that information provided by an Avantor employee about another Avantor employee was false or "exaggerated." (See *Schulz v. Neovi Data Corp.* (2007) 152 Cal.App.4th 86, 97 [allegations that "PayPal knew the [third party Web] site was an illegal lottery" did not "sufficiently allege PayPal's . . . knowledge of the alleged illegal lottery"]; *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 924 ["conclusions of fact" are not well-pleaded allegations].) Nor are there allegations showing that Elevated played a role in Johnigan's termination or had some other reason to harbor ill will towards him.

Johnigan was therefore required to establish malice with prima facie evidence. No evidence of malice on the part of Elevated was presented with Johnigan's default judgment application. Johnigan's declaration simply repeats some of the FAC's allegations regarding Elevated. Without evidence of malice, Johnigan failed to state a cause of action against Elevated. Therefore, he was not entitled to a judgment for damages.

## III.   DISPOSITION

The order denying entry of default judgment and dismissing the action is affirmed.

_____

Langhorne Wilson, J.

We concur:


_____

Humes, P.J.


_____

Smiley, J.


A170972, Johnigan v. Elevated Resources Inc.

10