[Civ. No. 9070.   Third Dist.   Oct. 1, 1957.]

MAURICE E. LARIVE, Appellant, v. GEORGE WILLITT et al., Defendants; GERALD REIMAN et al., Respondents.

David E. Peckinpah, Denver C. Peckinpah and Leonard J. Zins for Appellant.

Treadwell & Kane, Thomas J. Kane, Jr., C. Ray Robinson, W. E. Craven, James A. Cobey and Donald E. Oren for Respondents.

VAN DYKE, P. J.—Plaintiff and appellant brought an action in slander against a number of defendants, some of whom are not respondents here. His complaint as originally filed contained a single count, but responsive to successively sustained demurrers he filed a second amended complaint containing three counts. Demurrers were overruled to the first count, but sustained with leave to amend as to the second and third counts. Plaintiff declined to amend further, judgments of dismissal as to said two counts were entered, and therefrom he appeals.

The second count was against defendant and respondent Reiman alone. It incorporates certain allegations contained in the first count and as so augmented alleges the following matters: That he is a school teacher by profession; that when the alleged slanders were committed he was employed by the Board of Trustees of LeGrand Union High School District as district superintendent thereof and as principal of the high school; that his salary was $7,500 per year under a four-year contract; that Reiman maliciously uttered of appellant false statements with the purpose of causing the school board to discharge him from employment; that he spoke to one Richard Watry these words: "I also feel that when the principal walks down the hallways and says nothing, it isn't just right; holding hands is one thing, but petting is another"; that by that statement Reiman meant and was understood to mean that appellant had failed to discipline a boy and girl who had been guilty of improper embraces in his presence in the hallway of said building; that the utterance of said slanderous statements caused the school board to discharge appellant, whereby he lost the sum of $26,625 in salary; that he suffered mental anguish and loss of reputation to his damage in the sum of $100,000, and further suffered injury to his reputation as a teacher and administrator whereby he will continue to lose compensation and gain which would otherwise have accrued to him in the further sum of $150,000.

The third count of the complaint had to do with alleged slanderous statements made by respondent Hiram Lancaster. The allegations of this count were the same as those in the count against Reiman save as to the alleged slanderous statements concerning which appellant alleged that Lancaster said to divers persons "concerning a boy and girl found in the gymnasium of said school, 'They were embracing, and Mr. Larive walked straight toward them and kind of glanced at

them and halfway grinned, and I commented to myself that "Gee Whiz, those kids are sure to catch it now." He just walked right by them and went right down the line and never said a word to them.' " Appellant further alleged that by the said statement Lancaster meant and was understood to mean by his auditor that appellant condoned public embraces by students of the opposite sex in the school building and failed to take disciplinary action in such a case.

The demurrer sustained was general. We have concluded that it was improperly sustained and that the judgments of dismissal as to the two counts against Reiman and Lancaster must be reversed. Slander is a false and unprivileged publication orally uttered which tends directly to injure complainant in respect to his profession by imputing to him general disqualifications in those respects which his profession peculiarly requires. (Civ. Code, § 46.) When with respect to one holding a position as principal of a high school it is falsely asserted that he permitted pupils to "pet" in the hallways and to embrace each other therein in view of himself or others without taking disciplinary action, it cannot be said that the utterances do not directly injure him in respect to his profession by imputing to him general disqualification therefor. One in that position is charged with supervising and preventing any conduct of pupils while in the school and under his charge, fitted to disgrace the participants and the school and to corrupt the morals and the manners of others in the school who might by the undisciplined example be led into imitation. We do not think that it is necessary to elaborate upon so plain a proposition.

We cannot agree with respondents that the words uttered are incapable of defamatory meaning. The inducement pleaded in each count sufficiently sets up circumstances which excludes an innocent interpretation if the words be false as charged. In view of the duty of appellant, as principal of the high school, to exercise disciplinary control over actions of students on the school premises, and because the acts were described through the use of the slang term "petting" in one count and as constituting "embracing" in the other count, it was proper to plead by innuendo that the sting of the charge was appellant's failure to discipline improper amatory conduct between students of the opposite sex in the school building. We hold the pleadings sufficient to withstand a general demurrer.

For the reasons given, the judgments of dismissal appealed from are reversed, with instructions to the trial court to extend to respondents such time as is necessary to enable them to plead to the complaint.

Peek, J., and Warne, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.