John F. KILGROE, Plaintiff— Appellant,

v.

AMERICAN SHIP MANAGEMENT, LLC; et al., Defendants— Appellees,

and

Sailors Union of the Pacific; et al., Defendants.

Nos. 06–56765, 06–56858.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.[*]

Filed Aug. 1, 2008.

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**34**

Jeffrey L. Adams, Esq., Littler Mendelson A Professional Corporation, Walnut Creek, CA, for Defendants–Appellees.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

MEMORANDUM **

John F. Kilgroe appeals pro se from the district court's judgment for defendants in his action alleging federal and state law violations in connection with his employment on a United States naval ship. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *Kimes v. Stone,* 84 F.3d 1121, 1126 (9th Cir.1996) (dismissal for failure to state a claim); *Dark v. Curry,* 451 F.3d 1078, 1082 n. 2 (9th Cir.2006) (summary judgment). We affirm.

■ The district court properly dismissed Kilgroe's defamation claims because, under California law, publications in judicial proceedings and communications to an administrative agency are protected from litigation attacking those statements. *See* Cal. Civ.Code § 47(b); *Moore v. Conliffe,* 7 Cal.4th 634, 29 Cal.Rptr.2d 152, 871 P.2d 204, 219 (1994) ("[S]tatements made in the course of a private contractual arbitration proceeding are protected by the litigation privilege"); *Martin v. Kearney,*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

51 Cal.App.3d 309, 124 Cal.Rptr. 281, 282 (1975) (holding that a communication to an official administrative agency, designed to prompt action by that agency, is privileged from tort actions).

■ The district court properly dismissed Kilgroe's abuse of process claim because Kilgroe's allegations regarding misuse of ship logbook procedures did not demonstrate that defendants misused judicial process. *See Adams v. Superior Court,* 2 Cal.App.4th 521, 530, 3 Cal. Rptr.2d 49 (1992) (explaining that a plaintiff making an abuse of process claim must show that the "process" at issue was "taken pursuant to judicial authority").

■ The district court properly granted summary judgment on Kilgroe's age discrimination claim because Kilgroe did not raise a triable issue that defendants' proffered nondiscriminatory reason for refusing to rehire him was a pretext for age discrimination. *See Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1282 (9th Cir. 2000) (explaining that to survive summary judgment, a plaintiff must create a triable issue as to whether the employer's proffered reasons for the adverse employment action were pretexts for discrimination in violation of the Age Discrimination in Employment Act).

■ The district court properly granted summary judgment on Kilgroe's disability discrimination claim because Kilgroe did not raise a triable issue that he would have been able to perform the essential functions of his position with a reasonable accommodation. *See Cleveland v. Policy Management Systems Corp.,* 526 U.S. 795, 806, 119 S.Ct. 1597, 143 L.Ed.2d 966 (1999) (explaining that a plaintiff making a claim under the Americans with Disabilities Act bears the burden of proving that a reasonable accommodation would have enabled him to perform the essential functions of the position).

Kilgroe's remaining contentions are unavailing.

**AFFIRMED.**