Filed 9/30/20  Haghighi v. Gough CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| HOSSEIN HAGHIGHI,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>GARY J. GOUGH,<br><br>    Defendant and Respondent. | G057629<br><br>(Super. Ct. No. 30-2018-01010824)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Walter P. Schwarm, Judge.  Affirmed.

Rejali Law Firm and Omid Rejali for Plaintiff and Appellant.

Gregory Beam & Associates, Inc., and Gregory B. Beam for Defendant and Respondent.

\*        \*        \*

In 2002, Shea Properties LLC (Shea) retained attorney Gary J. Gough, defendant in this case, to file an unlawful detainer action against plaintiff Hossein Haghighi. In connection with the lawsuit, Gough filed a proof of service signed by Zac Paszko, a registered process server, stating Haghighi had been personally served with the summons and complaint at his apartment. Haghighi never responded to the complaint and Gough obtained a default judgment against him. In 2018, Haghighi filed a motion to set aside the default judgment, which was granted. The court hearing the unlawful detainer action (the unlawful detainer court) found Haghighi had been incarcerated on the day Paszko claimed to have served him. Consequently, the court concluded the proof of service had been falsified, Haghighi had never been served, and the default judgment was void.

Haghighi then filed this action in which he asserted 16 causes of action against Shea, Gough, and Paszko. Eleven causes of action were alleged against Gough, arising from his filing of the false proof of service. In response, Gough filed a special motion to strike (anti-SLAPP motion) under Code of Civil Procedure section 425.16.[1] The trial court granted the motion. It found Gough's filing of the proof of service was protected activity under section 425.16 and Haghighi had not established a probability of prevailing on his claims against Gough.

On appeal, Haghighi makes three arguments. First, he argues the claims at issue are based on Gough's illegal conduct, which is not protected under section 425.16. Second, he contends he has shown a probability of prevailing on his claims because the unlawful detainer court already found the proof of service to be false, which precludes Gough from relitigating this issue. Third, he asserts the evidence shows Gough negligently failed to search for Haghighi's address. We are not persuaded by these arguments and therefore affirm the trial court's order.

---

[1] All further undesignated statutory references are to the Code of Civil Procedure.

2

FACTS

A. *The Unlawful Detainer Action*

Shea retained Gough in 2002 to file an unlawful detainer action against Haghighi concerning an apartment in Irvine (the premises). Gough filed the action on July 22, 2002. He hired Paszko to serve Haghighi with the summons and complaint. On August 1, 2002, Gough filed a proof of service signed by Paszko, in which Paszko declared under penalty of perjury that he had personally served Haghighi with the summons and complaint at the premises on July 24, 2002.

Haghighi failed to respond to the unlawful detainer complaint. Thus, Gough filed a Request for Entry of Default and Clerk's Judgment on August 1, 2002, and mailed a copy to Haghighi at the premises. The clerk entered Haghighi's default that same day and then entered a default judgment against him on August 8, 2002, for restitution of the premises only. On August 13, 2002, Gough was advised that Haghighi had vacated the premises, so he cancelled the lockout which had been scheduled for the next day.

In January 2003, Gough filed a Request for Entry of Default Judgment in the amount of $2,369 against Haghighi, which the court entered later that month. After the judgment was entered, Gough made several attempts to locate a current address for Haghighi but was unable to find one. As such, he continued serving Haghighi with documents relating to the unlawful detainer action by mailing them to the premises, the last address Gough had for Haghighi. These documents included (1) an application for an Abstract of Judgment in July 2005; (2) an Application for Renewal of Judgment and Memorandum of Costs after Judgment in December 2012; (3) another Memorandum of Costs After Judgment and a request for a Writ of Execution in August 2016 (a levy was made on Haghighi's bank account in August 2016 per this Writ); and (4) another

Memorandum of Costs After Judgment and another request for a Writ of Execution in April 2017.

In 2018, Haghighi filed a motion to set aside the default and default judgment. The court issued a minute order on July 16, 2018 (the minute order), granting the motion. It found "credible evidence establishe[d] that [Haghighi] was incarcerated from June 10, 2002 until December 24, 2010. Thus, contrary to [Shea's] proof of service of the summons and complaint, filed on August 1, 2002, [Haghighi] could not have been personally served with the summons and complaint on July 24, 2002 at the [premises]." Accordingly, "the court [found] the proof of service [to be] false." Since Haghighi "was never served with the summons and complaint, [the] court never obtained personal jurisdiction over him and the resulting default and default judgment" were void "as violating fundamental due process."[2]

### B. The Instant Lawsuit

On August 8, 2018, Haghighi filed the instant lawsuit against Paszko, Paszko Attorney Services, Inc., Shea, and Gough.[3] The complaint contained 16 causes of action arising from Haghighi's alleged wrongful eviction from the premises and the subsequent default judgment. The first through fifth are alleged solely against Shea and are not at issue here. The sixth through sixteenth are alleged against all defendants and are relevant to this appeal. They are as follows: (a) wrongful eviction (sixth); (b) abuse of process (seventh); (c) violation of due process (eighth); (d) negligence (ninth);

---

[2]  We note that in response to Haghighi's motion to vacate the judgment, Gough filed a declaration of Paszko. In the declaration, Paszko states he served a man at the premises on July 24, 2002, that identified himself as Haghighi. Attached to the declaration is a copy of the notes Paszko made directly following the service, which contain the date, time, and location of the service and a physical description of the man served.

[3]  Plaintiff also named The Law Offices of Gary J. Gough as a defendant. Gough does business under this name, but it is not a separate entity.

4

(e) negligent infliction of emotional distress (tenth); (f) negligent misrepresentation (eleventh); (g) nondelegable duty (twelfth); (h) intentional infliction of emotional distress (thirteenth); (i) fraud (fourteenth); (j) violation of Business and Professions Code section 17200 (fifteenth); and (k) respondeat superior (sixteenth). These claims all arise from Gough's filing of the false proof of service. Some of the claims set forth in the complaint include allegations relating to service attempts that occurred after the false proof of service was filed. But, Haghighi's opening brief states multiple times that his claims are all predicated upon the false proof of service.

Gough filed an anti-SLAPP motion in response to the complaint. In his opposition, Haghighi argued Gough's filing of the false proof of service was illegal activity, which is not protected activity under section 425.16. In support of the merits of his claims, Haghighi only submitted the minute order as evidence. His entire argument stated "[i]t [was] res judicata that defendants committed both perjury and fraud. [(Citing the minute order.)] Therefore, Haghighi [would] probably succeed on the merits of his claims, which [were] based upon those allegations."

The trial court granted Gough's motion. First, it found Gough's filing of the proof of service was protected activity under section 425.16 and Haghighi had not established that Gough acted illegally by filing it. Second, it found Haghighi had not demonstrated a probability of prevailing on the merits because he had not provided any authority for his argument or evidence showing Gough committed perjury or fraud. This appeal followed.

5

DISCUSSION

## A. *Procedural Arguments*

We first address Gough's argument that Haghighi failed to comply with rule 8.204(a)(2) of the California Rules of Court because his opening brief fails to identify the order being appealed from and explain why it is appealable.

While the opening brief does not explicitly state the order being appealed, it is clear from the statement of facts that Haghighi is appealing the trial court's order granting Gough's anti-SLAPP motion. And though the opening brief does not explain why this order is appealable, Haghighi's Notice of Appeal states he is appealing "[a]n order or judgment under Code of Civil Procedure, § 904.1(a)(3)-(13)." Section 904.1, subdivision (a)(13) states an appeal may be taken "[f]rom an order granting or denying a special motion to strike under Section 425.16." In short, the order being appealed and the statutory basis for the appeal are clear. We therefore disregard Haghighi's noncompliance with the rule and address the merits of his appeal. (Cal. Rules of Court, rule 8.204(e)(2)(C).)

## B. *Applicable Law*

"The anti-SLAPP statute, section 425.16, allows a court to strike any cause of action that arises from the defendant's exercise of his or her constitutionally protected rights of free speech or petition for redress of grievances." (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 311-312 (*Flatley*).) The statute employs "'a two-step process for determining whether an action is a SLAPP. First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. . . . If the court finds that such a showing has been made, it must then determine whether the plaintiff has demonstrated a probability of prevailing on the claim.' [Citation.] 'Only a cause of action that satisfies *both* prongs of the anti-SLAPP

statute—i.e., that arises from protected speech or petitioning *and* lacks even minimal merit—is a SLAPP, subject to being stricken under the statute.'" (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 278–279 (*Soukup*).)

Both steps are reviewed de novo on appeal.[4] (*Lee v. Fick* (2005) 135 Cal.App.4th 89, 96.) "We consider 'the pleadings, and supporting and opposing affidavits . . . upon which the liability or defense is based.' [Citation.] However, we neither 'weigh credibility [nor] compare the weight of the evidence. Rather, [we] accept as true the evidence favorable to the plaintiff [citation] and evaluate the defendant's evidence only to determine if it has defeated that submitted by the plaintiff as a matter of law.'" (*Soukup*, *supra*, 39 Cal.4th at p. 269, fn. 3.)

### C. Protected Activity

Protected activity under section 425.16 includes, among other things, any written or oral statements or writings "made before a . . . judicial proceeding" or "made in connection with an issue under consideration or review by a . . . judicial body . . . ." (Code Civ. Proc., § 425.16, subd. (e)(1) & (2).) Generally, "[a]n unlawful detainer action and service of notices legally required to file an unlawful detainer action are protected activity within the meaning of section 425.16. [Citation.] 'A cause of action arising from such filing or service is a cause of action arising from protected activity.'" (*Newport Harbor Offices & Marina, LLC v. Morris Cerullo World Evangelism* (2018) 23 Cal.App.5th 28, 45.)

Haghighi does not contest the applicability of this general rule. Instead, he argues section 425.16 does not apply to illegal activity. He claims the unlawful detainer court found Gough acted illegally by filing the false proof of service, which was binding

---

[4] Gough claims the substantial evidence standard of review applies under *Costco Wholesale Corp. v. Superior Court* (2009) 47 Cal.4th 725. This case is inapposite as it involved a motion to compel discovery, not an anti-SLAPP motion. (*Id*. at p. 733.)

on the trial court under the doctrine of issue preclusion.  As explained below, this argument misstates the applicable law and the unlawful detainer court's ruling.

"[S]ection 425.16 cannot be invoked by a defendant whose assertedly protected activity is illegal as a matter of law and, for that reason, not protected by constitutional guarantees of free speech and petition." (*Flatley*, *supra*, 39 Cal.4th at p. 317.)  A defendant cannot use section 425.16 to strike a plaintiff's claims where "the defendant concedes, or the evidence conclusively establishes, that the assertedly protected speech or petition activity was *illegal as a matter of law*." (*Flatley*, at p. 320, italics added.)  Crucially, "'"illegal"'" in this context refers to *criminal conduct*; merely violating a statute is not sufficient because the broad protection the anti-SLAPP statute provides for constitutional rights would be significantly undermined if all statutory violations were exempt from the statute." (*Collier v. Harris* (2015) 240 Cal.App.4th 41, 55, italics added.)  Whether a defendant acted criminally as a matter of law is determined in the first prong and is "unrelated to the second prong question of whether the plaintiff has demonstrated a probability of prevailing." (*Flatley*, at p. 320.)

In *Flatley*, an attorney whose client claimed to have been raped by the plaintiff, a well-known entertainer, demanded a seven-figure settlement from the plaintiff by letter and in subsequent phone calls.  Among other things, the attorney threatened to file a lawsuit against the plaintiff and contact various media outlets if the plaintiff did not "'offer sufficient payment'" by a given deadline.  The plaintiff did not pay and sued the attorney for civil extortion, among other tort claims.  In response, the attorney filed an anti-SLAPP motion, claiming the communications were protected prelitigation settlement offers. (*Flatley*, *supra*, 39 Cal.4th at pp. 305-311.)  Our Supreme Court disagreed.  It found the attorney's demands constituted criminal extortion as a matter of law and were not protected activity under section 425.16. (*Id.* at pp. 330, 333.)

Here, Haghighi has not shown that Gough engaged in any criminal conduct as a matter of law by filing the false proof of service.  While he asserts Gough committed

8

perjury under Penal Code section 966, Haghighi does not identify any false statement made by Gough under oath. His perjury argument is based on the false proof of service, but Gough did not execute it. Haghighi also appears to contend that Gough acted illegally by (1) filing the false proof of service and (2) continuing to serve Haghighi with documents at the premises after he knew Haghighi had vacated it. Yet Haghighi fails to explain how Gough violated any criminal statute by engaging in these acts. "The reviewing court is not required to examine undeveloped claims or make appellant's arguments for [him]."[5] (*Berkley v. Dowds* (2007) 152 Cal.App.4th 518, 526-527.)

The findings of the unlawful detainer court do not help Haghighi. Issue preclusion only applies where an issue "was properly raised, submitted for determination, and determined in [the prior] proceeding." (*Hernandez v. City of Pomona* (2009) 46 Cal.4th 501, 511-512.) The minute order states "[b]ecause [Haghighi] was incarcerated at the time he was said to have been served . . . the proof of service is false and consequently the default judgment is void." Though it found the proof of service to be false, the unlawful detainer court did not make any determination that Gough acted illegally, let alone criminally, by filing it.

Finally, Haghighi argues in his reply brief that the proof of service is not protected activity because it did not involve a public issue. In support, he quotes a portion of *Flatley*, which states "[l]itigation-related communications that did not involve a public issue would not be protected under the anti-SLAPP statute but would nonetheless be privileged under the litigation privilege . . . ." (*Flatley*, *supra*, 39 Cal.4th at p. 323.) We need not consider this argument as it was not included in Haghighi's

---

[5] Since Haghighi has not demonstrated any criminal statute violated by Gough, we need not address whether Gough was entitled to rely on Evidence Code section 647 when filing the false proof of service. This statute "provides that a registered process server's declaration of service establishes a presumption affecting the burden of producing evidence of the facts stated in the declaration." (*American Express Centurion Bank v. Zara* (2011) 199 Cal.App.4th 383, 390.)

9

opening brief.  (*Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764.)  Still, it is easily dismissed on its merits.  Haghighi misrepresents this section of *Flatley* by removing the quote from its context.  The full paragraph states no such public issue requirement exists. The portion quoted by Haghighi is discussing the anomalous results that would occur if such a requirement were read into section 425.16, subdivision (e)(1) and (2).  (*Flatley*, at pp. 323-324.)

Since Haghighi's claims against Gough arise from protected activity, we next examine whether Haghighi has established a probability of prevailing on them.


### D.  *Probability of Prevailing*

"To establish a probability of prevailing, the plaintiff 'must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.'  [Citations.]  For purposes of this inquiry, 'the trial court considers the pleadings and evidentiary submissions of both the plaintiff and the defendant [citation]; though the court does not *weigh* the credibility or comparative probative strength of competing evidence, it should grant the motion if, as a matter of law, the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for the claim.'  [Citation.]  In making this assessment it is 'the court's responsibility . . . to accept as true the evidence favorable to the plaintiff . . . .'  [Citation.] The plaintiff need only establish that his or her claim has 'minimal merit' [citation] to avoid being stricken as a SLAPP."  (*Soukup*, *supra*, 39 Cal.4th at p. 291.)  Haghighi has failed to do so.

10

*1. Haghighi's arguments and evidence*

Haghighi has not shown his causes of action against Gough have even minimal merit. He makes two arguments in support of his claims, both of which are unpersuasive.

First, he asserts "[t]he claims struck by the current court are all predicated upon the falsification of the Proof of Service. Since that issue has been previously decided in Haghighi's favor, and cannot be relitigated [(citing the minute order)], he has a probability of prevailing on his claims." Haghighi provides no further analysis. He fails to explain how falsification of the proof of service alone shows a probability that he will prevail on any of the 11 claims at issue. We will not analyze this undeveloped claim. (*Berkley v. Dowds*, *supra*, 152 Cal.App.4th at pp. 526-527.) But we note the unlawful detainer court made no findings that Gough knew, or should have known, the proof of service had been falsified or otherwise engaged in any wrongdoing. As the minute order is the only evidence submitted by Haghighi, he has failed to show that any of his negligence or intentional tort claims arising from the false proof of service has merit.

Second, Haghighi argues Gough's own declaration states he was advised on August 13, 2002, that Haghighi had vacated the premises, yet Gough continued to serve Haghighi at this address. From this, Haghighi contends Gough's service attempts after August 13, 2002, were made negligently. Again, it is unclear how this argument shows Haghighi's claims have merit. His opening brief states "[t]he claim struck by the current court are all predicated upon the falsification of the Proof of Service." Gough filed the false proof of service on August 1, 2002, before he learned the property had been vacated. Haghighi does not explain how the service attempts made after August 13, 2002, relate to Haghighi's claims, nor is the relationship clear.

To the extent any of Haghighi's claims involve service attempts made after August 13, 2002, Haghighi does not identify them and, as a result, has not met his burden. (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768.) Further, the

11

record shows Gough made several attempts to locate a new address for Haghighi after judgment was entered in January 2003 but was unable to find one.  Thus, he continued to serve Haghighi at the premises since it was the last known address he had on file.  Haghighi provides no evidence showing Gough negligently conducted this search.  Nor does he provide any argument or authority showing Gough acted unlawfully by continuing to serve Haghighi at the premises.  And even if Haghighi had provided such evidence or authority, his claims would be barred by the litigation privilege.

### 2.  *The litigation privilege*

"The litigation privilege, codified at Civil Code section 47, subdivision (b), provides that a 'publication or broadcast' made as part of a 'judicial proceeding' is privileged." (*Action Apartment Assn., Inc. v. City of Santa Monica* (2007) 41 Cal.4th 1232, 1241.)  "[T]he privilege is 'an "absolute" privilege, and it bars all tort causes of action except a claim of malicious prosecution.'" (*Flatley*, *supra*, 39 Cal.4th at p. 322.)  Relevant here, "the litigation privilege applies to [perjured] declarations [of service] and protects against torts arising from [them].  [Citation.]  Moreover . . . since a party may not be liable for submitting false testimony or evidence in the course of judicial proceedings which are used to obtain a judgment, the party should likewise be immune from . . . claims for subsequent acts necessary to enforce it.  Otherwise, application of the litigation privilege would be thwarted.  Thus, where the gravamen of the complaint is a privileged communication (i.e., allegedly perjured declarations of service) the privilege extends to necessarily related noncommunicative acts . . . ." (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1062.)

Here, the crux of Haghighi's claims is a privileged communication: Gough's filing of the false proof of service.  There would be no unlawful detainer action and no resulting judgment without this act.  (Cal. Rules of Court, rule 3.110(b).)  As such,

his claims are barred by the litigation privilege. Haghighi's arguments to the contrary are unpersuasive.

To begin, Haghighi claims the litigation privilege is inapplicable under Civil Code section 47, subdivision (b)(2), which states the privilege does not apply to "any communication made in furtherance of an act of . . . alteration of physical evidence undertaken for the purpose of depriving a party to litigation of the use of that evidence." This subdivision does not apply here. Even if falsifying a proof of service is an alteration of evidence under the statute, which we do not address, the exception only applies when the alteration is done to deprive a party "of the use of that evidence." (Civ. Code, § 47, subdivision (b)(2).) That is not the case here.

Next, Haghighi claims the litigation privilege does not apply to extrinsic fraud. (Citing *Silberg v. Anderson* (1990) 50 Cal.3d 205, 214.) This argument has multiple flaws. Haghighi does not provide any evidence showing Gough engaged in extrinsic fraud; the unlawful detainer court made no such finding.[6] He also fails to identify which of his claims, if any, are based on extrinsic fraud. (*Del Real v. City of Riverside*, *supra*, 95 Cal.App.4th at p. 768.) And even if Haghighi could overcome these two deficiencies, he cannot bring tort claims based on the false proof of service. As explained below, remedy is limited to vacating the judgment, which has already occurred.

"The litigation privilege does not apply to an *equitable action* to set aside a [judgment] for extrinsic fraud. ([Citing] *Silberg v. Anderson*, *supra*, 50 Cal.3d [at p.] 214.)" (*Home Ins. Co. v. Zurich Ins. Co.* (2002) 96 Cal.App.4th 17, 26, italics added.) "Where a civil judgment is procured by extrinsic fraud, the normal remedy is to seek equitable relief from the judgment, not to sue in tort. [Citations.] [T]he absolute

---

[6] The minute order quotes portions of *County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1228-1229, explaining that a default judgment may be vacated where the judgment is void for lack of due process or resulted from extrinsic fraud or mistake. However, it contains no finding that any defendant in this case committed extrinsic fraud.

13

litigation privilege of Civil Code section 47, subdivision (b), bars derivative tort actions and 'applies to all torts other than malicious prosecution, including fraud, negligence and negligent misrepresentation.'" (*Rubenstein v. Rubenstein* (2000) 81 Cal.App.4th 1131, 1146-1147.)

For example, in *Kuehn v. Kuehn* (2000) 85 Cal.App.4th 824, 828, the plaintiff filed an action against her former husband on grounds he had misrepresented and concealed assets in their prior dissolution proceeding. Plaintiff brought claims to set aside the judgment of dissolution and for fraud and conversion. (*Id*. at p. 829.) The court sustained a demurrer to the fraud and conversion claims, finding plaintiff had no tort remedy for her former husband's extrinsic fraud. Instead, her "remedy [was] limited to an action or motion to vacate the judgment." (*Id*. at p. 834.) Similarly, here, Haghighi has no tort remedy against Gough.

III

DISPOSITION

The order is affirmed. As a prevailing defendant, Gough is entitled to attorney fees on appeal under section 425.16, subdivision (c)(1), in an amount to be determined by the trial court. He is also entitled to his costs on appeal.

MOORE, ACTING P. J.

WE CONCUR:


IKOLA, J.


THOMPSON, J.

14