Filed 10/29/21  Pini v. Pickett CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Trinity)

----

| | |
|---|---|
| FIRENZA PINI, | C090660 |
| Plaintiff and Appellant, | (Super. Ct. No. 19CV043) |
| v. | |
| KENNETH WAYNE PICKETT et al., | |
| Defendants and Respondents. | |

Plaintiff Firenza Pini challenges the trial court's granting of an anti-SLAPP motion brought by defendants Kenneth Pickett, Deidre Pickett, and Linda Dunham (collectively defendants).[1]  Pini also challenges the trial court's award of attorney fees

---

[1]  "Anti-SLAPP" refers to the procedural vehicle provided by Code of Civil Procedure section 425.16 (section 425.16) to strike legal actions intended as a "strategic lawsuit against public participation."  (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 57.)

Pini's opening brief purports to appeal on her own behalf as well as on behalf of coplaintiff Diane Richards.  We refer to Pini and Richards collectively as plaintiffs.  The notice of appeal indicates that only Pini gave notice that she intended to challenge the trial court's order.

1

and costs to defendants. Pini's exact arguments on appeal are difficult to discern because her statement of issues does not match her argument headings, which in turn seem to encompass more contentions than signaled in the headings.

As best we can discern, Pini contends (1) the anti-SLAPP order must be reversed because defendants did not show that her complaint sought to chill protected activity, namely defendants' rights of free speech, (2) the anti-SLAPP statute is unconstitutional on its face because it violates separation of powers, due process, equal protection, and the right to a jury trial and is void for vagueness, (3) the anti-SLAPP statute is unconstitutional as applied in this case because it deprived Pini of a jury trial, (4) the erroneous exclusion of evidence violated her right to a fair trial, and (5) the trial court abused its discretion in awarding attorney fees and costs to defendants.

Even promising legal issues on appeal can be foreclosed from appellate review due to an inadequate record. In this case, we have been given a very sparse record that precludes review of all contentions requiring evidentiary support. As to the issues of pure law, we are not persuaded by Pini that the anti-SLAPP statute is unconstitutional on its face or that any of her constitutional rights were violated in this case. Accordingly, we affirm the order granting the anti-SLAPP motion and awarding attorney fees and costs to defendants.

**FACTUAL AND PROCEDURAL HISTORY**

In April 2019, plaintiffs filed a complaint against defendants in which they asserted 11 causes of action arising out of allegations that defendants harmed or killed plaintiffs' livestock and dogs, damaged plaintiffs' real property, assaulted plaintiffs, and engaged in the infliction of emotional distress. Defendants responded by filing a demurrer and an anti-SLAPP motion.

The trial court held a hearing and granted the anti-SLAPP motion. As a consequence of granting of the anti-SLAPP motion, the trial court determined that it did not need to also consider defendants' demurrer. Even so, the trial court indicated its view

2

that the demurrer was meritorious as well. As part of the order on the anti-SLAPP motion, the trial court ordered plaintiffs to pay $3,500 in attorney fees and costs to defendants. From the order granting the anti-SLAPP motion, Pini has timely filed a notice of appeal.

## ANTI-SLAPP MOTIONS (Section 425.16)

Section 425.16 provides, in pertinent part, that "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).) Regarding section 425.16, the California Supreme Court has explained that " 'section 425.16 sets out a procedure for striking complaints in harassing lawsuits that are commonly known as SLAPP suits . . . , which are brought to challenge the exercise of constitutionally protected free speech rights.' (*Kibler v. Northern Inyo County Local Hospital Dist.* (2006) 39 Cal.4th 192, 196.) A cause of action arising from a person's act in furtherance of the 'right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability' that the claim will prevail. (Code Civ. Proc., § 425.16, subd. (b)(1).) 'The anti-SLAPP statute does not insulate defendants from *any* liability for claims arising from the protected rights of petition or speech. It only provides a procedure for weeding out, at an early stage, *meritless* claims arising from protected activity.' " (*Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 788 (*Monster Energy*).)

When presented with an anti-SLAPP motion, a trial court must engage in a two-step analysis. First, the trial court considers whether a defendant has established that the gravamen of the complaint challenges activity protected by section 425.16. (*Monster*

3

*Energy, supra,* 7 Cal.5th at p. 788.)  If the defendant establishes that the complaint relates to protected activity, the second step requires the trial court to consider whether the plaintiff can satisfy the burden of showing that there is a probability of success on the merits of the causes of action in the complaint.  (*Ibid.*)

The California Supreme Court has described " 'this second step as a "summary-judgment-like procedure." [Citation.]  The court does not weigh evidence or resolve conflicting factual claims.  Its inquiry is limited to whether the plaintiff has stated a legally sufficient claim and made a prima facie factual showing sufficient to sustain a favorable judgment.  It accepts the plaintiff's evidence as true, and evaluates the defendant's showing only to determine if it defeats the plaintiff's claim as a matter of law.  [Citation.]  "[C]laims with the requisite minimal merit may proceed." ' (*Baral* [*v. Schnitt* (2016)] 1 Cal.5th [376,] 384-385, fn. omitted.) . . .  As to the second step, a plaintiff seeking to demonstrate the merit of the claim 'may not rely solely on its complaint, even if verified; instead, its proof must be made upon competent admissible evidence.' " (*Monster Energy, supra,* 7 Cal.5th at p. 788, quoting *San Diegans for Open Government v. San Diego State University Research Foundation* (2017) 13 Cal.App.5th 76, 95.)  We apply the independent standard of review to the trial court's ruling on the anti-SLAPP motion.  (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 325.)

## DISCUSSION

### I
### *Protected Activity*

Pini contends the trial court erroneously granted the anti-SLAPP motion because defendants did not show that her complaint sought to chill protected activity.  The state of the appellate record forecloses effective review of this claim.

4

## A.
### *Anti-SLAPP Motion and Opposition*

In support of their anti-SLAPP motion, defendants argued that "this entire lawsuit arises from defendants' exercise of free speech." Defendants' motion explained that they "made complaints to law enforcement regarding Plaintiffs' animals trespassing on November 29, 2018 (goats), March 1, 2019 (dogs - attacking Defendants' dog), March 22, 2019 (dogs - attacking Defendants' dog), and on March 27, 2019 due to Plaintiffs' agent blocking access to their property. This resulted in animal control and law enforcement contacting Plaintiffs, which precipitated the lawsuit at hand. Each of these complaints directly led to the causes of action pled in the Complaint."

As to the second prong of the anti-SLAPP analysis, defendants stated that "[w]hile the Complaint is protracted, it lacks in actual facts." Defendants asserted that the allegations in the complaint were "absurd," "lack specific allegations," and constituted nothing other than an exchange of words and that the claims of emotional distress lacked any allegations of outrageous conduct.

Plaintiffs responded with a memorandum of points and authorities, but they submitted no declarations or evidence in support of their argument. Plaintiffs argued that damage to livestock and property was not protected speech. Even though plaintiffs submitted no evidence in support of their opposition, they nonetheless "specifically allege[d] that . . . [¶] [t]hreats of violence and consequent terrorism and destruction of property are not 'protected speech.' The question is a matter of whether the Facebook internet post given its inflammatory, false and its intent to foment violence is protected speech and Plaintiffs claim that most people would say it is not reasonable protected speech. Plaintiffs take the position that the posting is an attack by one private citizen on another whose character is not changed despite its presence on a public medium, and that the posting did not serve the sort of 'public purpose' encompassed by the statute." Plaintiffs also opposed the demurrer.

5

In their reply to the opposition to the anti-SLAPP motion, defendants argued that their reporting of plaintiffs' animal trespassing to animal control and law enforcement "precipitated the lawsuit at hand. Each of these complaints directly led to the causes of action pled in the Complaint." Defendants further argued that "Plaintiffs further argue both in this opposition and in their opposition to the demurrer that this Complaint is in response to Defendant Linda Dunham's participation in a political discussion on Facebook, concerning the operation of a public school district . . . . Plaintiffs expressly seek to silence Ms. Dunham's public participation in this discussion by their Complaint . . . ."

In granting the anti-SLAPP motion, the trial court noted that most of plaintiffs' arguments did not relate at all to section 425.16. As to the last section of plaintiffs' opposition, the trial court acknowledged that it "does use words which fit with anti-SLAPP motions ('freedom of speech', 'public purpose', etc.). But the response is considerably short on law and includes factual argument in an unverified format." Thus, the trial court pointed out that plaintiffs' "entire response provides no law on anti-SLAPP motions *and provides no facts in opposition to the clear facts provided by Defendants in the documents accompanying their motion.*" (Italics added.)

As to the first prong of the anti-SLAPP analysis, the trial court concluded that it "could guess that in this case there are private rights not subject to the anti-SLAPP statutes. Guessing is not authorized by the law. There is much discussion in cases as to exactly what kind of action is or is not anti-SLAPP material. *Given the materials before it*, this court notes that the fact that there may be a legal wrong asserted by Defendants (or by Plaintiffs) does not move the matter out of anti-SLAPP consideration. [(*Birkner v. Lam* (2007) 156 Cal.App.4th 275.)]"

As to the second prong of the analysis, the trial court found "that, unfortunately for Plaintiffs, the Defendants are correct in their assertion that all Plaintiffs have done in their response is to argue 'in stream of conscience fashion' that somehow there could be facts

6

which might support their position.  That is not, under any standard, adequate to support their complaint against an anti-SLAPP motion.  In addition to other flaws and insufficiencies, their complaint is not verified and there are no declarations in opposition."

## B.
### *Arising Out of Protected Activity*

Defendants bear the initial burden of proof in showing that an action arises out of constitutionally protected activity.  Thus, "it is the defendant's burden in an anti-SLAPP motion to initially show the suit is within the class of suits subject to a motion to strike under section 425.16." (*Martinez v. Metabolife Internat., Inc*. (2003) 113 Cal.App.4th 181, 186, citing *Navellier v. Sletten* (2002) 29 Cal.4th 82, 89.)  In examining the complaint to ascertain whether it seeks to chill protected activity, " ' "we disregard the labeling of the claim [citation] and instead 'examine the principal thrust or gravamen of a plaintiff's cause of action . . .' . . . .  We assess the principal thrust by identifying '[t]he allegedly wrongful and injury-producing conduct . . . that provides the foundation for the claim.' [Citation.]  If the core injury-producing conduct upon which the plaintiff's claim is premised does not rest on protected speech or petitioning activity, collateral or incidental allusions to protected activity will not trigger application of the anti-SLAPP statute. [Citation.]" [Citation].' (*Tuszynska* [*v. Cunningham* (2011)] 199 Cal.App.4th [257,] 267.)  '[T]he critical point is whether the plaintiff's cause of action itself was based on an act in furtherance of the defendant's right of petition or free speech.' (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 78, italics omitted.)  [¶]  When evaluating whether the defendant has carried its burden under the first prong of the anti-SLAPP statute, 'courts must be careful to distinguish allegations of conduct on which liability is to be based from allegations of motives for such conduct.  "[C]auses of action do not arise from motives; they arise from acts." [Citation.]' (*People ex rel. Fire Ins. Exchange v. Anapol* (2012) 211 Cal.App.4th 809, 823 (*Anapol*).)  ' "The court reviews the parties'

7

pleadings, declarations and other supporting documents to determine what conduct is actually being challenged, not to determine whether the conduct is actionable." [Citation.]' (*Id.* at p. 822.)" (*Hunter v. CBS Broadcasting Inc*. (2013) 221 Cal.App.4th 1510, 1520.)

Here, defendants argued that the complaint was brought against them for their reporting of plaintiffs' acts to law enforcement. Making reports to the police is activity protected under section 425.16. "The law is that communications to the police are within SLAPP. (*Walker v. Kiousis* (2001) 93 Cal.App.4th 1432, 1439 [complaint to police is 'made in connection with an official proceeding authorized by law']; *Chabak v. Monroy* (2007) 154 Cal.App.4th 1502, 1511 [in action by physical therapist against client alleging false report of child abuse, client's 'statements to the police clearly arose from protected activity . . .']; see generally *ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 1009 [filing complaint with a government agency constitutes a 'statement before an official proceeding' within § 425.16, subd. (e)(1)]; *Lee v. Fick* (2005) 135 Cal.App.4th 89, 97 [complaint to the government is itself 'part of the official proceedings'].)" (*Comstock v. Aber* (2012) 212 Cal.App.4th 931, 941-942.)

### C.
### *Lack of Adequate Appellate Record Precludes Review*

On appeal, "[t]he appellant must affirmatively demonstrate error by an adequate record. In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. 'If any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented.' [Citations.]" (*Bennett v. McCall* (1993) 19 Cal.App.4th 122, 127 (*Bennett*), quoting *Buckhart v. San Francisco Residential Rent etc., Bd*. (1988) 197 Cal.App.3d 1032, 1036.) In short, "[i]njury is not presumed from error, but injury must appear affirmatively upon the court's examination of the entire record." (*In re Marriage of McLaughlin* (2000) 82 Cal.App.4th 327, 337.)

8

Here, trial court's order indicates that defendants submitted declarations from Aaron Moore and Kenneth Pickett. The trial court recounted that Pickett's declaration described how Richards "retaliated with false claims for which there are no supporting facts," and hired a " 'common law attorney' " to take actions against defendants after they reported problems with plaintiffs to the police. In support of Pickett's declaration, defendants submitted five police reports. Defendants also submitted evidence showing that plaintiffs "continue[d] their harassment" until "less than a week before the complaint herein was filed." Thus, defendants submitted declarations and documentary evidence that seems to have shown the present action represented continued harassment that arose out of defendants' reports about plaintiffs to the police. Pini, however, has included none of this evidence in the appellate record even though it was relied upon by the trial court in ruling on the anti-SLAPP motion. For lack of an adequate record to review the trial court's findings regarding the first prong of the anti-SLAPP analysis, we deem Pini's arguments on this issue to be forfeited. (*Bennett, supra,* 19 Cal.App.4th at p. 127.)

## II
### *Constitutionality of the Anti-SLAPP Statute*

Pini argues that the anti-SLAPP statute is unconstitutional on its face because it violates separation of powers, equal protection, due process, rights of access to courts, the right to a jury trial, and is void for vagueness.

### A.
### *Separation of Powers*

Pini observes that, "[u]nder Constitutional Law the distribution of governmental powers between branches of government and judicial has its limits." Although she several times asserts that section 425.16 violates separation of powers, she never develops the argument. The opening brief offers no insight into why Pini believes that the anti-SLAPP statute violates separation of powers. " ' "In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by

9

legal analysis and citation to the record." ' (*United Grand Corp.* [*v. Malibu Hillbillies, LLC* (2019)] 36 Cal.App.5th [142,] 153.) We are not required to develop appellants' arguments for them. (*Ibid.*) 'We may and do "disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt." ' (*Ibid.*)" (*Los Angeles Unified School Dist. v. Torres Construction Corp.* (2020) 57 Cal.App.5th 480, 497-498 (*Los Angeles Unified*).) We conclude Pini's assertion that section 425.16 violates separation of powers is deemed forfeited.

## B.
### *Equal Protection*

Pini asserts that section 425.16 violates constitutional equal protection guarantees because "it carves out different categories of persons." Pini, however, does not delineate the groups of persons to which her argument pertains. She also does not explain how these groups suffer disparate treatment or how that treatment might violate constitutional guarantees of equal protection. The argument is undeveloped and therefore forfeited. (*Los Angeles Unified, supra*, 57 Cal.App.5th at pp. 497-498.)

## C.
### *Due Process*

Pini asserts that section 425.16 violates the right to procedural due process on its face because the statute prevents a litigant from completing discovery.[2] She offers no support for the proposition that procedural due process encompasses a right to discovery. We are not persuaded for two reasons. First, the anti-SLAPP statute does allow for discovery on a showing of good cause. (*1-800 Contacts, Inc. v. Steinberg* (2003) 107 Cal.App.4th 568, 593.) Second, "[w]here properly applied, [the limitation on discovery

---

[2]    We ignore Pini's due process argument insofar as it relates to defendants' demurrer because this appeal challenges only an order granting an anti-SLAPP motion.

under] section 425.16, subdivision (g) does not infringe due process." (*Id*. at p. 593, fn. 18.) Accordingly, we reject the argument.

## D.
### *Facial Challenge to Denial of the Right to a Jury Trial*

Pini argues that the anti-SLAPP statute on its face violates the right to a jury trial. Pini seems to argue that section 425.16 denies litigants their right to a jury trial because it allows for dismissal of an action prior to submission of the issues to a jury. The California Supreme Court has rejected the proposition that the anti-SLAPP statute bars valid claims from being properly adjudicated. (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 738.) In *Jarrow*, the Supreme Court explained that section 425.15 does not hinder any action when " 'a " 'complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.' " ' " (*Jarrow,* at p. 738.) Thus, the anti-SLAPP statute does not, on its face, infringe on the right to a jury trial.

## E.
### *Vagueness*

Pini claims that section 425.16 is constitutionally vague because it gives the trial court discretion to determine whether a plaintiff has established a probability of success on the merits. She suggests that a person of ordinary intelligence cannot know what is prohibited by section 425.16. The claim lacks merit.

Generally, an appellant in a civil case bears a heavy burden in establishing a constitutionally based vagueness challenge to a nonpenal statute. " 'The underlying concern of a vagueness challenge "is the core due process requirement of adequate notice." [Citation.]' (*Amaral v. Cintas Corp. No. 2* (2008) 163 Cal.App.4th 1157, 1180.) 'Statutes or ordinances that are not clear as to the regulated conduct are void for three reasons: (1) to avoid punishing people for behavior that they could not have known was illegal; (2) to avoid subjective enforcement of the laws based on arbitrary and

11

discriminatory enforcement by government officers; and (3) to avoid any chilling effect on the exercise of First Amendment freedoms.  [Citation.]'  (*Concerned Dog Owners of California v. City of Los Angeles* (2011) 194 Cal.App.4th 1219, 1231.)  Here, because the initiatives are not penal and do not restrict speech, vagueness review is at its lowest ebb, assuming it applies at all.  (See *Duffy v. State Bd. of Equalization* (1984) 152 Cal.App.3d 1156, 1171-1172 [questioning whether vagueness review even applies to nonpenal, nonspeech-related statutes].)"  (*Mission Springs Water Dist. v. Verjil* (2013) 218 Cal.App.4th 892, 914-915, italics omitted.)

Here, Pini claims that section 425.16 – which is intended to prevent the chilling of First Amendment rights – itself chills First Amendment rights.  (*Monster Energy, supra,* 7 Cal.5th at p. 788.)  We reject the assertion in light of the two-step analysis required of courts in applying the anti-SLAPP statute.  The first prong applies a clear test:  whether the complaint arises out of the exercise of First Amendment rights.  (*Monster Energy,* at p. 788.)  The second prong applies an equally clear test:  whether a nonmovant can demonstrate a probability of prevailing on the merits.  (*Ibid.*)  Pini's assertion of vagueness does not open the meaning of section 425.16 to doubt.[3]

## F.
### *As-applied Challenge to the Denial of the Right to a Jury Trial*

Pini several times asserts the denial of the right to a jury trial in this case. However, her assertions are unaccompanied by a single citation to the appellate record where it might show the denial of her jury trial right.  For lack of citation to the record, we deem her argument to be forfeited.  (Cal. Rules of Court, rule 8.204(a)(1)(C); *Miller v. Superior Court* (2002) 101 Cal.App.4th 728, 743 [failure to cite to the record forfeits the claim of error].)

---

[3]     To the extent that Pini intends to launch an as-applied constitutional challenge, her argument is deemed forfeited for failure to include an adequate record on appeal.

### III
### *Exclusion of Evidence*

Pini asserts the trial court erroneously excluded evidence.  Pini does not identify the evidence to which her argument corresponds.  In any event, the assertions are deemed forfeited for failure to cite to the appellate record.  (*People v. Miller*, *supra*, 101 Cal.App.4th at p. 743.)

### IV
### *Award of Attorney Fees and Costs*

Pini argues that the trial court abused its discretion in ordering her to pay attorney costs and fees.  In so arguing, Pini properly acknowledges that the anti-SLAPP statute makes an award of attorney fees and costs to the prevailing party mandatory.  She does not appear to challenge the amount of the fees and costs awarded.  Instead, she asserts that the trial court did not properly protect her rights – including the right of a jury trial – in making the award.  This argument is undeveloped and lacks legal authority in support.  Accordingly, the argument is deemed forfeited.  (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277 [assertion presented without reasoned argument or legal authority deemed forfeited].)

## DISPOSITION

The order granting the anti-SLAPP motion brought under section 425.16 is affirmed.  Defendants shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


                                               /s/\
                                               HOCH, J.

We concur:


/s/\
ROBIE, Acting P. J.


/s/\
RENNER, J.